ALBERT WURZER, Appellant, v SENECA SPORT PARACHUTE CLUB et al., Respondents.—Order unanimously reversed, with costs, and motion granted. Memorandum: Plaintiff Albert Wurzer paid defendants Seneca Sport Parachute Club ("SSPC") and Howard F. Martin, Jr., a fee to enter upon defendants' parachute and recreation center to take parachuting instructions and otherwise to use the defendants' facilities and equipment. During the course of the day he allegedly broke a vertebra in his back. Alleging causes of action both contract and negligence, plaintiff Wurzer has sued both SSPC and Martin. Defendants in their amended answer admitted that they agreed to instruct the plaintiff properly with regard to his parachute jump. Additionally, the defendants specifically admitted paragraph "SECOND" of the complaint to wit: "SECOND: That upon information and belief, defendant, SENECA SPORT PARACHUTE CLUB is a domestic corporation engaged in the business of instructing parachutists in operating a parachute jumping and recreation center at Martin Road, Seneca Falls, Seneca County, New York." Defendants also pleaded a second affirmative defense that plaintiff Wurzer prior to the accident had executed a waiver and hold harmless agreement and had agreed not to commence any action for personal injuries. Plaintiff moved for summary judgment to strike this second affirmative defense on the ground that it contravened section 5-326 of the General Obligations Law. The court ruled that an issue of fact was presented as to whether defendants operated a place of amusement or recreation or similar establishment within the meaning of section 5-326 of the General Obligations Law and referred the matter to Trial Term. In an affidavit submitted in support of his motion, plaintiff alleged: "That on May 14, 1977, deponent entered upon premises know as the Seneca Sport Parachute Club at Martin Road, Seneca Falls, New York for recreational purposes and entered into an agreement with defendants whereby defendants agreed to properly instruct your deponent with regard to parachute jumping and provide equipment and facilities for a parachute jump. In consideration therefore and in consideration for the use of the defendants' recreational equipment and facilities, deponent paid $50.00 in cash and defendants accepted the same." Defendants submitted no affidavit to refute these statements from anyone with personal knowledge of the incidents surrounding plaintiff's alleged injury. The statute, section 5-326 of the General Obligations Law, relied upon by plaintiff provides: "§ 5-326. Agreements exempting pools, gymnasiums, places of public amusement or recreation and similar establishments from liability for negligence void and unenforceable. Every covenant, agreement or understanding in or in connec-

tion with, or collateral to, any contract, membership application, ticket of admission or similar writing, entered into between the owner or operator of any pool, gymnasium, place of amusement or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability for damages caused by or resulting from the negligence of the owner, operator or person in charge of such establishment, or their agents, servants or employees, shall be deemed to be void as against public policy and wholly unenforceable." Plaintiff's uncontroverted assertions in his affidavit, defendant SSPC's statement of purposes in its certificate of incorporation, and defendant SSPC's own name establish that defendant SSPC is a "place of * * * recreation" within the plain meaning of the statute. Defendants submitted no evidentiary material that would undercut this characterization of the nature of defendants' facilities. Special Term was in error in referring the motion for trial on this issue. "Where a statutory * * * provision is at root of a dispute, the courts may offer the definitive resolution of these issues of law" *(James v Board of Educ.,* 42 NY2d 357, 365; see, also, McKinney's Cons Laws of NY, Book 1, Statutes, § 77). Defendants' conclusory assertions that they do not come within the scope of the statute in the face of plaintiff's evidentiary showing are essentially legal arguments solely within the realm of the court to determine. The ordinary terms employed by this statute clearly include the defendants' facilities within their purview—whatever doubt there may be as to the precise outer limit of the term "or similar establishment". (Appeal from order of Monroe Supreme Court—strike defense.) Present—Marsh, P. J., Moule, Dillon, Schnepp and Witmer, JJ.