■ LAWRENCE M. HOWELL et al., Appellants-Respondents, v DUNDEE FAIR ASSOCIATION et al., Appellants, and JAMES SCHUYLER, Respondent.—Order unanimously modified on the law and as modified, affirmed without costs, in accordance with the following memorandum: On July 16, 1986, plaintiff Lawrence Howell was working at the Dundee Raceway on the Dundee Fairgrounds on a fire and ambulance crew made up of members of the Dundee Volunteer Fire Department. The department provided the raceway with these services in exchange for a donation. Before entering, each volunteer was required to sign a "voluntary waiver and release from liability and indemnity agreement", assuming all liability for any injuries he may incur as a result of his presence in a "restricted area". Plaintiff signed this agreement and was standing between the ambulance and fire truck, just outside the pit area around turn two, when he was struck by a tire that separated from a racing car traveling on the track.

Plaintiff commenced an action against, among others, the Dundee Fair Association and Dundee Raceway, Inc. As an affirmative defense, Dundee Fair Association and Dundee Raceway, Inc. asserted that plaintiff's voluntary release absolved them of liability for his injuries. These defendants moved for summary judgment dismissing plaintiff's complaint on the ground of waiver. Plaintiff cross-moved for summary judgment dismissing defendants' affirmative defense of waiver, on the ground that the release was void pursuant to General Obligations Law § 5-326, and further argued that if the release was valid, questions of fact existed whether he was standing in a "restricted area" as defined in the release at the time of the accident.

Special Term denied plaintiff's cross motion and granted defendants partial summary judgment, holding that because plaintiff was not a "user" of the raceway as defined in General Obligations Law § 5-326, he was not entitled to the protection of that statute. The court further determined that genuine issues of material fact remained as to whether the accident occurred in a "restricted area" as defined in the release, and denied defendants' motion on this ground. Plaintiff appealed and defendants cross-appealed from this order. We modify and grant defendant's motion for summary judgment in its entirety.

General Obligations Law § 5-326 provides, in relevant part: "Every * * * agreement * * * in or in connection with, or collateral to, any * * * ticket of admission * * * entered into between the owner or operator of any * * * place of amuse-

ment or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee * * * which exempts the said owner or operator from liability for damages caused by or resulting from the negligence of the owner [or] operator * * * shall be deemed to be void as against public policy and wholly unenforceable."

Whether this statute applies in the case at bar was a question for the court *(Wurzer v Seneca Sport Parachute Club,* 66 AD2d 1002, 1003). We find that Special Term correctly determined that plaintiff was not a "user" of the raceway and, therefore, was not entitled to the protection afforded by General Obligations Law § 5-326. Plaintiff did not purchase an admission ticket, so plaintiff did not sign the release agreement in connection with or collateral to a ticket of admission *(cf., Gaskey v Vollertsen,* 110 AD2d 1066; *Beardslee v Blomberg,* 70 AD2d 732, 733; *Wurzer v Seneca Sport Parachute Club, supra).* Thus, the statute by its own terms is inapplicable to the situation at bar.

Special Term erred, however, by denying defendants' motion for summary judgment on the ground that questions of fact exist concerning whether the accident occurred in a restricted area. The release defines a restricted area as "the area to which admission for the general public is prohibited". In support of their motion, defendants submitted plaintiff's EBT testimony that at the time of the accident, he was standing just outside the pit area around turn two. The raceway owner testified that this area was restricted to the fire and ambulance crews, and, even if a member of the general public had a "pit pass", he would not be permitted in the area where plaintiff was positioned at the time of the accident. Plaintiff, however, failed to come forward in opposition to the motion with proof in admissible form sufficient to raise an issue of fact as to whether the accident occurred in a restricted area *(see,* CPLR 3212 [b]; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). Therefore, defendants are entitled to summary judgment dismissing plaintiff's complaint. (Appeals from order of Supreme Court, Yates County, Dugan, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.