■ JULIA BASCHUK, Appellant, v DIVER'S WAY SCUBA, INC., Respondent. [618 NYS2d 428] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated July 9, 1993, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On April 23, 1991, the plaintiff paid a tuition fee to enroll in a scuba diving course sponsored by the defendant at its facilities, which included a private swimming pool. The course was taught by an independent certified scuba diving instructor. At the beginning of the first class on May 1, 1991, the plaintiff read, filled out, and signed several required forms, including a statement of medical history and a liability re-

lease that exempted the defendant from all liability for personal injury to her during the course, caused by the defendant's negligence.

After submitting these forms to the instructor, and thus completing the enrollment process for the course, the plaintiff for the first time discussed her history of ear problems with the instructor and informed him that her physician knew of her participation in the class. The instructor told the plaintiff to get a medical note to this effect, but he did not follow up on the request. During the fourth session of the class, the plaintiff experienced a sharp pain in her ears. She was diagnosed as suffering from a punctured left eardrum and thereafter commenced this negligence action against the defendant. The court granted the defendant's motion for summary judgment on the basis of the liability release.

The plaintiff's argument that the liability release applies only to claims arising during her actual class participation, and not to any negligent conduct that occurred during the prescreening process, i.e., the defendant's failure to fully investigate the plaintiff's medical statement before allowing her to enroll in the course, is without merit for several reasons. First, the plaintiff's claim of a "pre-enrollment" time period during which the defendant's negligence allegedly occurred, is not supported by the record. Even more significant, the record shows that the liability release signed by the plaintiff in clear and unequivocal language expressed the intent to relieve the defendant of all liability for personal injuries to the plaintiff caused by the defendant's negligence. Because of its clarity, precision, and specificity in absolving the defendant from the consequences of all negligence, the liability release is enforceable (see, Lago v Krollage, 78 NY2d 95, 99-100; Gross v Sweet, 49 NY2d 102, 107).

The plaintiff's claim that General Obligations Law § 5-326 is applicable to her situation and thus voids the liability release as against public policy is also without merit. The defendant's private swimming pool was used for instructional, not recreational or amusement, purposes. Moreover, the tuition fee paid by the plaintiff for a course of instruction is not analogous to the use fee for recreational facilities contemplated by the statute (see, Lago v Krollage, supra, at 101).

Finally, the defendant's estoppel claim lacks merit. Mangano, P. J., Thompson, Sullivan and Miller, JJ., concur.