■ ALFRED CHIECO, Respondent, v PARAMARKETING, INC., Appellant. [643 NYS2d 668]

The plaintiff was injured when he attempted a take-off while wearing a paragliding unit he purchased from the defendant. The record reveals that the plaintiff purchased the unit for $4,000 and that, as part of the purchase package, the defendant offered lessons in use of the unit at its facility in Suffolk County.

Notably, in conjunction with the plaintiff's purchase of the unit, he executed a release and waiver agreement in which, among other things, he agreed to release the defendant from all liability for personal injuries caused by the defendant's negligence. The agreement also recited that the plaintiff understood that paragliding entailed a high degree of risk and that the plaintiff agreed to assume these risks.

Contrary to the plaintiff's contentions, we find that the agreement is enforceable. The language of the agreement clearly and unequivocally expresses the intention of the parties to relieve the defendant of liability (see, Lago v Krollage, 78 NY2d 95, 99-100). Moreover, the agreement is similarly unequivocal in reciting that the plaintiff was aware of and assumed all risks associated with use of the unit (see, Baschuk v Diver's Way Scuba, 209 AD2d 369).

Inasmuch as the plaintiff did not pay a fee for admission to a place of amusement or recreation, we reject the contention that General Obligations Law § 5-326 is applicable. Rather, he purchased a piece of sporting equipment and then received lessons in conjunction with that purchase at the defendant's private flight facility (see, Baschuk v Diver's Way Scuba, supra, at 370). Further, the plaintiff's assertion that he did not read or understand the document he signed, and that the defendant misled him in connection with its meaning, is unpersuasive (see, Da Silva v Musso, 53 NY2d 543, 550). In any event, even apart from the waiver and release agreement, the record demonstrates that by participating in a relatively dangerous sport such as paragliding, the plaintiff necessarily assumed the risk that he might sustain the type of injury which he ultimately sustained (see, e.g., Reilly v Long Is. Jr. Soccer League, 216 AD2d 281; Greenberg v North Shore Cent. School Dist. No. 1, 209 AD2d 669; Cassese v Ramapo Ice Rinks, 208 AD2d 488). Under these circumstances, the defendant's cross motion for summary judgment should have been granted. Rosenblatt, J. P., Thompson, Pizzuto and Hart, JJ., concur.