■ PAUL D. CASTELLANOS, Appellant, v NASSAU/SUFFOLK DEK HOCKEY, INC., et al., Respondents. [648 NYS2d 143] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated May 31, 1995, as dismissed the complaint insofar as asserted against the defendants Nassau/Suffolk Dek Hockey, Inc., and Broad Properties, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an experienced player of a sporting activity known as deck hockey, alleged that on September 23, 1990, he was injured while participating in a game of deck hockey played at the premises owned by the defendant Broad Properties, Inc. (hereinafter Broad Properties) and maintained or controlled by the defendant Nassau/Suffolk Dek Hockey, Inc. (hereinafter Dek Hockey).

The record demonstrates that upon voluntarily participating in a game at the facility owned and maintained or controlled by Broad Properties and Dek Hockey, the plaintiff assumed the risk of the injury which he sustained *(see, Marescot v St. Augustine's R. C. School,* 226 AD2d 507; *Reilly v Long Is. Jr. Soccer League,* 216 AD2d 281; *Greenberg v North Shore Cent. School Dist. No. 1,* 209 AD2d 669; *cf., Brown v City of Peekskill,* 212 AD2d 658; *Weithofer v Unique Racquetball & Health Clubs,* 211 AD2d 783; *see also, Benitez v New York City Bd. of Educ.,* 73 NY2d 650; *Turcotte v Fell,* 68 NY2d 432, 439; *Maddox v City of New York,* 66 NY2d 270, 277-278).

Further, we agree with the Supreme Court that the injury waiver form executed by the plaintiff was enforceable. The language of the agreement clearly expressed the intention of the parties to relieve the "organizers, sponsors, supervisors, participants, owners of the business and owners of the premises" of liability *(see, Lago v Krollage,* 78 NY2d 95, 99-100). Moreover, the agreement is similarly clear in reciting that the plaintiff was aware of and assumed the risks associated with participating in the game of deck hockey *(see, Chieco v Paramarketing, Inc.,* 228 AD2d 462). Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.