■ CHRISTINE BLOG, Respondent, v BATTERY PARK CITY AUTHORITY et al., Appellants. [650 NYS2d 713] —Order, Supreme Court, New York County (Paula Omansky, J.), entered February 22, 1996, which granted defendants' motion for reargument and adhered to the order entered July 21, 1995, denying defendants' motion to dismiss the complaint and for summary judgment, unanimously reversed, on the law, without costs, and the motion is granted dismissing the complaint. The Clerk is directed to enter judgment in favor of defendant's dismissing the complaint. The appeal from the July 21, 1995 order is unanimously dismissed, without costs, as superseded by the appeal of the February 22, 1996 order.

Plaintiff seeks damages for injuries incurred when she participated in a go-kart race held as a charity event for the benefit of the Multiple Sclerosis Society in Battery Park City. The rules of the race required that the participants sign a "Release and Waiver of Liability" form, and plaintiff's signature appears on such a release. During the race, the go-kart driven by plaintiff, which had been purchased by her employer, hit a tire wall on the temporary race course. Under

the Participant Accident Coverage provided by the event's sponsors to the participating drivers, plaintiff received benefits in the amount of $12,110 for medical expenses and lost wages.

Defendants moved to dismiss plaintiff's action on the ground that plaintiff was precluded under the provisions of the release form from bringing the action against them, and asked that the motion be treated as one for summary judgment under CPLR 3211 (c). Plaintiff contended that she did not know that the form she signed before the commencement of the race was a release, that she thought she was merely putting her name on a "sign-up" sheet, and that she did not read the document before signing it. According to plaintiff, no one informed her of the true nature of the form. In addition, plaintiff alleges that she felt coerced by her employer from the outset to participate in the event.

The IAS Court denied defendants' motion, stating that a waiver of one's rights, such as contained in the release, is valid only when it is intentional, and that plaintiff's assertions raised a question of fact as to that issue. Defendants sought reargument, asserting that the court should not have considered the issue of intent in the face of an unambiguous release absent allegations of fraud or duress on the part of these defendants. The IAS Court granted reargument but adhered to its original decision, finding that although defendants had correctly stated the law, plaintiff's assertions concerning the circumstances of her signing the release had raised an issue of fraud or duress.

The motion to dismiss should have been granted. The release explicitly provided that the activity to be engaged in was dangerous and that the defendants were released from liability for personal injuries arising out of or related to the race. Such a release, while subject to close judicial scrutiny, is enforceable "[w]here the language of the exculpatory agreement expresses in unequivocal terms the intention of the parties to relieve a defendant of liability for the defendant's negligence" (*Lago v Krollage*, 78 NY2d 95, 99-100, citing *Ciofalo v Vic Tanney Gyms*, 10 NY2d 294, 297; *Gross v Sweet*, 49 NY2d 102). Indeed, releases such as the one at issue have been grounds for summary judgment and dismissal (*see, e.g., Castellanos v Nassau/ Suffolk Dek Hockey*, 232 AD2d 354; *Baschuk v Diver's Way Scuba*, 209 AD2d 369), even where, as here, the injured plaintiff claimed not to have read or understood the release (*Best v Yutaka*, 231 AD2d 539), or even to have been misled as to its meaning (*Chieco v Paramarketing, Inc.*, 228 AD2d 462). Absent fraud or duress, a party will thus be bound by the terms of such a document (*see, Skluth v United Merchants & Mfrs.*, 163

AD2d 104, *lv granted* 76 NY2d 711, *appeal withdrawn* 79 NY2d 976).

Plaintiff here asserts that she did not read the document she signed because the race was to begin shortly. As a general matter, a party will not be excused from reading a document that he or she has signed, including a release from liability (*Best v Yutaka,* 231 AD2d, *supra,* at 541; *see also, Sofio v Hughes,* 162 AD2d 518, 520, *lv denied* 76 NY2d 712). Plaintiff's explanation for her failure—inadequate time—does not suggest fraud or duress on the part of the defendants. Notably, despite the IAS Court's characterization of the release as "a long, single spaced affair rife with legalese," the release was only one page, entitled "RELEASE AND WAIVER OF LIABILITY, ASSUMPTION OF RISK AND INDEMNITY AGREEMENT (READ CAREFULLY BEFORE SIGNING)." The top half of the page consisted of six provisions, key phrases of which were printed in capital letters, while the bottom half provided space for a number of signatures. The fact that plaintiff may have made the mistaken assumption that this was merely a "sign-up" sheet and may not have read any of the writing that immediately preceded the place for her signature, will not relieve her from being bound by the terms of the release.

The only duress suggested by plaintiff was on the part of her employer, the owners of the bar where she worked, whom she felt might take some punitive action if she did not agree to participate in the charity event. This alleged coercion cannot be imputed to the named defendants, and whether there was any substance to her fears in this regard is not relevant to the validity of the waiver presented by the event's sponsors and executed by plaintiff. Concur—Milonas, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.