■ CHRISTINE BLOG, Respondent, v SPORTS CAR CLUB OF AMERICA, INC., et al., Appellants. [678 NYS2d 609] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about August 14, 1997, which, *inter alia*, denied the motion of defendants Sports Car Club of America, Inc., New York Region of SCCA, Inc. and Junior Car Racing Association (JCRA) to dismiss the complaint pursuant to CPLR 3211 and denied the cross motion of defendant King Motorsports, Inc. for summary judgment, unanimously modified, on the law, to grant the motion and cross motion to the extent of dismissing so much of the first cause of action as is based on defendants' alleged negligence arising out of or relating to the race, as set forth in paragraph 157 of that cause of action, and otherwise affirmed, without costs.

Inasmuch as paragraph 157 of the first cause of action of the fourth amended complaint contains the same allegations of negligence relating to the race contained in the second amended complaint dismissed by this Court's prior order (*see, Blog v Battery Park City Auth.*, 234 AD2d 99), this portion of the first cause of action should have been dismissed by the motion court based on principles of res judicata (*see, O'Brien v City of Syracuse*, 54 NY2d 353, 356; *Watts v Swiss Bank Corp.*, 27 NY2d 270, 277). Since plaintiff has not denied that defendant King was JCRA's agent, we deem King to be in privity with JCRA for purposes of this res judicata finding (*see, Green v Santa Fe Indus.*, 70 NY2d 244, 253-254; *Watts v Swiss Bank Corp.*, 27 NY2d, *supra*, at 277).

Nonetheless, with respect to the remaining portion of the first cause of action based on negligent design and manufacture of the go-kart, and with respect to the strict product liability cause of action, the doctrines of res judicata and law of the case do not apply, since these claims were not interposed in

the second amended complaint and, thus, this Court never ruled on the issue of whether the release at issue applied to them.

As to the viability of the strict product liability and negligent design and manufacture claims, we find that the motion court properly determined that defendants failed to demonstrate that such claims were within the intendment of the parties at the time of the execution of the release. The subject release extends only to negligence claims arising out of the race or "event[s]", and does not appear to cover acts or conduct occurring prior to the race involving the design, manufacture or sale of the go-kart (*see, Gross v Sweet,* 49 NY2d 102, 107; *Van Dyke Prods. v Eastman Kodak Co.,* 12 NY2d 301, 304; *Beardslee v Blomberg,* 70 AD2d 732). That the parties' intendment was so limited is evidenced by the separate release and waiver contained in the purchase and registration forms submitted to and executed by plaintiff's employer in connection with the purchase of the go-kart.

We have considered the parties' remaining contentions for affirmative relief and find that they lack merit. Concur—Sullivan, J. P., Rubin, Tom and Saxe, JJ.