■ KATHERINE BACCHIOCCHI, Appellant, v RANCH PARACHUTE CLUB, LTD., Respondent. [710 NYS2d 54] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 22, 1999, which granted defendant summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff enrolled in a parachute jumping club run by defendant at its facility in Gardiner, New York, on May 4, 1996. After she reviewed and signed a liability waiver, she was given six hours of instruction in preparation for a supervised parachute jump. On May 11, plaintiff reviewed proper jumping techniques with a jump master and then boarded an airplane with some 20 other persons. After deploying her parachute, a jump master guided plaintiff towards the drop zone, using a radio to communicate with her. Plaintiff, however, was unable to reach the drop zone and landed in a tree, from which she fell, sustaining serious injury to her ankle.

Defendant moved to dismiss the complaint predicated on the release signed by plaintiff. Supreme Court granted the motion, not on the basis of the release but on the ground that plaintiff assumed the risk inherent in the activity. The court reasoned that "having been explicitly advised of the potential risks and hazards, plaintiff may not claim ignorance of obvious hazards. When plaintiff was informed that skydiving placed her in jeopardy of death and chose to continue, the lesser risk of the broken ankle that she did receive was accepted."

Because the procedural context in which relief is sought is not always apparent and may be dispositive (*see, Rich v Lefkovits*, 56 NY2d 276), it is better practice to specify the statutory basis for a motion, especially one seeking summary disposition. The notice of motion in this matter seeks "an Order dismissing the plaintiff's action against the defendant," without specifying the statutory ground upon which relief is founded. In opposition, counsel for plaintiff notes that the "sole point in support of summary judgment is a contractual argument based upon waiver." Therefore, as dismissal is predicated solely on the general release signed by plaintiff, it is clear that this motion is based on CPLR 3211 (a) (5), and the court's consideration is restricted to the ground asserted in the moving papers (*McLearn v Cowen & Co.*, 60 NY2d 686, 689). While a CPLR 3211 motion may be treated as a summary judgment motion, CPLR 3211 (c) requires the court to give notice of its intention so that a party is not deprived of the " 'opportunity to make an appropriate record' " by an unanticipated award of summary judgment (*Mihlovan v Grozavu*, 72 NY2d 506, 508, quoting *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635). Therefore, Supreme Court's disposition is premature.

As to the legal questions raised upon the motion to dismiss, the parties dispute whether the language of the release is sufficient to apprise plaintiff that she was accepting exposure to any injury that might be occasioned by defendant's negligence (*see, Gross v Sweet*, 49 NY2d 102). Plaintiff waived, *inter alia*, "loss or injury to me or my property while upon premises or aircraft of the Corporations or while participating in any of the activities contemplated by this Agreement, whether such loss, damage, or injury results from the negligence of the Aircraft owners, landowners, employees, instructors, jump masters, tandem masters, equipment manufacturers, Corporations, their officers, directors, agents, servants, employees, bailors or lessors or from some other cause." This provision specifically exempts injury resulting from the negligence of defendant and others. It is both explicit and comprehensive and is therefore enforceable unless contrary to public policy (*Ciofalo v Tanney Gyms*, 10 NY2d 294, 297-298; *Chieco v Paramarketing, Inc.*, 228 AD2d 462).

The public policy with respect to the liability of a business catering to persons who jump out of airplanes may (*Wurzer v Seneca Sport Parachute Club*, 66 AD2d 1002) or may not (*Gross v Sweet, supra*, at 107 [dictum]) be reflected in General Obligations Law § 5-326. That statute renders "[a]greements exempting pools, gymnasiums, places of public amusement or recre-

ation and similar establishments from liability for negligence void and unenforceable." The distinguishing factor in the cited cases seems to be whether the defendant is in the business of providing recreation or instruction. In *Wurzer* (*supra*, at 1003), the Appellate Division, Fourth Department, concluded that the defendant's name and its certificate of incorporation both demonstrated that it was a recreational facility (*see also, Rogowicki v Troser Mgt.*, 212 AD2d 1035 [ski area]; *Blanc v Windham Mtn. Club*, 115 Misc 2d 404 [Rubin, J.], *affd* 92 AD2d 529 [same]). In *Gross* (*supra*, at 105), by contrast, the Court of Appeals described the defendant's facility as being operated "for the purpose of offering instruction in the sport." The Court went on to decide the case (at 110) on the ground that the subject exculpatory clause was inadequate to convey "to prospective students that they would have to abide any consequences attributable to the instructor's own carelessness" (*see also, Sivaslian v Rawlins*, 88 AD2d 703 [parachute jumping course]). These cases follow the general rule that facilities used for purely instructional purposes are not governed by General Obligations Law § 5-326 (*e.g., Baschuk v Diver's Way Scuba*, 209 AD2d 369 [defendant's private swimming pool used for instruction]), whereas facilities used for recreational purposes are subject to the statute (*e.g., Meier v Ma-Do Bars*, 106 AD2d 143, 145 ["no evidence of any nature that the mechanical bull was operated as an instructional device"]).

In the matter at bar, defendant promoted itself as "a year-round skydiving club and school offering state of the art aircraft and instruction. Our emphasis is on having a good time and enjoying a relaxed atmosphere." As stated in its certificate of incorporation, the purpose of the club, organized under the Not-For-Profit Corporation Law, is "to promote sport parachuting. The purpose is exclusively a recreational purpose and all purposes and activities of the corporation are limited to those specified in § 501 (c) (7) of the Internal Revenue Code of 1954." The cited provision exempts from corporate taxes, "Clubs organized for pleasure, recreation, and other nonprofitable purposes, substantially all of the activities of which are for such purposes and no part of the net earnings of which inures to the benefit of any private shareholder." (26 USC § 501 [c] [7].)

It is evident that the club does not restrict the use of its facilities to instruction but promotes sport parachuting as a recreational pursuit, to which instruction is provided as an ancillary service. Thus, the nature of the facility is not materially different from that in *Blanc v Windham Mtn. Club* (*supra*,

at 411), the stated purpose of which was, *inter alia*, " 'to provide instruction for its members in skiing and other sports and recreational activities' " at its ski area.

We do not reach the question, precipitously decided by Supreme Court, of whether plaintiff assumed the risk inherent in parachute jumping. Nor, in view of this disposition, do we reach defendant's contention that the exculpatory provision is not rendered void as a matter of common law because plaintiff was offered the option to negate the waiver of liability for the payment of an additional fee of $300 (*see*, *Ciofalo v Tanney Gyms*, 10 NY2d 294, 296-297, *supra*; *see also*, *Gold v Swiss Air Transp. Co.*, 33 AD2d 777). Concur—Williams, J. P., Ellerin, Wallach and Rubin, JJ.