■ Davɪᴅ Fᴜsᴄᴏ et al., Respondents, v Now & Zᴇɴ, Iɴᴄ., et al., Appellants. [742 NYS2d 650] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Richmond County (Lebowitz, J.), dated July 7, 2001, as denied their motion for summary judgment dismissing the complaint, and granted that branch of the plaintiffs' cross motion which was to strike the defendants' sixth affirmative defense based on a written release of liability.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting that branch of the plaintiffs' cross motion which was to strike the defendants' sixth affirmative defense and striking the sixth affirmative defense, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the sixth affirmative defense is reinstated.

The plaintiff David Fusco (hereinafter the plaintiff) seeks to recover damages for injuries allegedly sustained while practicing karate at the defendants' facility. In their sixth affirmative defense, the defendants assert that the action is barred by a written release of liability. The plaintiff contends that the release is void pursuant to General Obligations Law § 5-326, which provides that a release of liability of the "owner, operator, or person in charge" of a "pool, gymnasium, place of amusement or recreation, or similar establishment" to a "user of such facilities" for a fee is void as against public policy.

The defendants claim that General Obligations Law § 5-326 does not apply to them, because they operate an instructional, as distinguished from recreational, facility (*see Baschuk v Diver's Way Scuba,* 209 AD2d 369).

In determining whether a facility is recreational or instructional in nature, relevant factors include the certificate of incorporation of the corporate defendant, the statement of purpose contained therein (*see Bacchiocchi v Ranch Parachute Club,* 273 AD2d 173; *Wurzer v Seneca Sport Parachute Club,* 66 AD2d 1002), and the typical method of payment, that is, whether a tuition fee is paid for a course of instruction, or a use fee is paid for use of the facilities (*see Baschuk v Diver's Way Scuba, supra*). In the instant case, the corporate defendant's certificate of incorporation is not in the record, nor is there information as to the typical method of payment.

In support of his claim that the facility was recreational in nature, the plaintiff submitted the deposition testimony of attendees who claimed that they used the facility for recreational purposes. The defendants, on the other hand, submitted evidence in admissible form that attendees attended classes, which were always supervised by a teacher or teachers instructing them in karate. The conflicting claims of the parties present issues of fact which preclude the granting of summary judgment on the issue of whether General Obligations Law § 5-326 is applicable.

The defendants' remaining contention is without merit (*see Morgan v State of New York,* 90 NY2d 471). S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.