■ NADINE LEMOINE, Appellant, v CORNELL UNIVERSITY, Respondent. [769 NYS2d 313]—

Cardona, P.J. Appeal from an order of the Supreme Court (Mulvey, J.), entered January 2, 2003 in Tompkins County, which granted defendant's motion to dismiss the complaint.

Plaintiff alleges that she sustained injuries on January 30, 2000, when she fell from the Lindseth Climbing Wall at defendant's university during the first session of a seven-week basic rock climbing course offered by defendant's outdoor education program. She had taken the same course eight years earlier, but had not taken any further instruction in the intervening years. Plaintiff registered, paid the tuition for the class, watched the orientation video describing safety procedures and signed a release holding defendant harmless from liability for, inter alia, any injuries caused by use of the climbing wall, including those caused by defendant's own negligence. Plaintiff, as a climbing student, also signed a "Contract to Follow Lindseth Climbing

Wall Safety Policies," which included a promise that she would not climb above the yellow "bouldering" line without the required safety equipment. Prior to the accident, plaintiff, who was not wearing safety equipment, alleged that she was climbing with most of her body above the bouldering line. At the time, plaintiff and approximately 10 other students were under the supervision of two instructors. As she descended, instructor Michael Gilbert allegedly told her where to place her hands and feet. Plaintiff asserts that she lost her footing and fell to the floor below, which she described as "virtually unpadded."[1] Thereafter, plaintiff commenced this action asserting negligence and gross negligence. Defendant moved to dismiss based upon the release and the safety contract, as well as a claim that plaintiff failed to set forth a cause of action.[2] Supreme Court granted defendant's motion, prompting this appeal.

Plaintiff contends that the release and safety contract are void as against public policy by operation of statute, and, as a result, Supreme Court erred in granting defendant's motion to dismiss. General Obligations Law § 5-326 states in pertinent part: "Every covenant, agreement or understanding in or in connection with, or collateral to, any contract, membership application, ticket of admission or similar writing, entered into between the owner or operator of any pool, gymnasium, place of amusement or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability for damages caused by or resulting from the negligence of the owner, operator or person in charge of such establishment, or their agents, servants or employees, shall be deemed to be void as against public policy and wholly unenforceable." The legislative intent of the statute is to prevent amusement parks and recreational facilities from enforcing exculpatory clauses printed on admission tickets or membership applications because the public is either unaware of them or not cognizant of their effect (see Lux v Cox, 32 F Supp 2d 92, 99 [1998]; Mc Duffie v Watkins Glen Intl., Inc., 833 F Supp 197, 202 [1993]). Facilities that are places of instruction and training (see e.g. Millan v Brown, 295 AD2d 409, 411 [2002]; Chieco v Paramarketing, Inc., 228 AD2d

---

**1.** The incident report form, which plaintiff disputes, states that she "decided to jump down." Defendant's employees also assert that the floor was padded and plaintiff was four feet from the ground at the time that she left the wall.

**2.** We note that although defendant's motion states that it is pursuant CPLR 3211 (a) (1) and (7), it appears from the language therein that it is also premised upon CPLR 3211 (a) (5).

462, 463 [1996]; *Baschuk v Diver's Way Scuba*, 209 AD2d 369, 370 [1994]), rather than "amusement or recreation" (*see e.g. Meier v Ma-Do Bars*, 106 AD2d 143, 145 [1985]), have been found to be outside the scope of the statute.

In assessing whether a facility is instructional or recreational, courts have examined, inter alia, the organization's name, its certificate of incorporation, its statement of purpose and whether the money it charges is tuition or a fee for use of the facility (*see Fusco v Now & Zen*, 294 AD2d 466, 467 [2002]; *Bacchiocchi v Ranch Parachute Club*, 273 AD2d 173, 175-176 [2000]; *Baschuk v Diver's Way Scuba, supra* at 370). Difficulties arise in this area of law in situations where a person is injured at a mixed-use facility, namely, one which provides both recreation and instruction. In some cases, courts have found that General Obligations Law § 5-326 voids the particular release where the facility provides instruction only as an "ancillary" function, even though it is a situation where the injury occurs while receiving some instruction (*see e.g. Bacchiocchi v Ranch Parachute Club, supra* at 175-176; *Wurzer v Seneca Sport Parachute Club*, 66 AD2d 1002, 1002-1003 [1978]). In other mixed-use cases, courts focused less on a facility's ostensible purpose and more on whether the person was at the facility for the purpose of receiving instruction (*Scrivener v Sky's the Limit*, 68 F Supp 2d 277, 281 [1999]; *Lux v Cox, supra* at 99).

Here, plaintiff points out that her enrollment in the class entitled her to a discounted fee rate in the event that she sought use of the climbing wall on nonclass days and, additionally, defendant allowed its students, alumni and graduates of the rock climbing course to use the wall as long as they paid the regular fee and watched the safety video. Consequently, plaintiff, citing *Bacchiocchi v Ranch Parachute Club* (*supra*), argues that since this facility is both recreational and instructional, General Obligations Law § 5-326 must apply. While it may be true that defendant's facility is a mixed-use one, given that defendant is unquestionably an educational institution, along with the fact that the brochure and course materials in the record indicate that the purpose of the climbing wall facility was "for education and training in the sport of rockclimbing," it is apparent that any recreational use of the wall by nonstudents would be ancillary to its primary educational purpose (*cf. Bacchiocchi v Ranch Parachute Club, supra*). Furthermore, even focusing primarily on plaintiff's purpose at the facility, it is undisputed herein that she enrolled in the course, paid tuition, not a fee, for lessons and was injured during one of her instructional periods (*cf. Scrivener v Sky's the Limit, supra* at 281). Therefore, under all

the circumstances, we find that Supreme Court properly found the statute to be inapplicable.

Having found that the release and safety contract were not voided by the statute, we now decide whether they are dispositive in this case (*cf. Gross v Sweet*, 49 NY2d 102, 107 [1979]). For example, the release unambiguously acknowledges, inter alia, the inherent risks of rock climbing and the use of the climbing wall, including the risk of injury from falling off the wall onto the floor below, which is what plaintiff describes as happening in this case. The release further holds defendant harmless from liability from any negligence, including that related to plaintiff's supervised or unsupervised use of the wall. Given plaintiff's signature and initials on these documents, we conclude that dismissal was proper.

Turning to plaintiff's contention that, even if the statute is applicable, defendant's motion to dismiss should not have been granted because the release and safety contract, standing alone, would not defeat a claim adequately alleging gross negligence (*see Amica Mut. Ins. Co. v Hart Alarm Sys.*, 218 AD2d 835, 836 [1995]). Significantly, gross negligence is reckless conduct that borders on intentional wrongdoing and is "differ[ent] in kind [and] degree" from ordinary negligence (*Sutton Park Dev. Corp. Trading Co. v Guerin & Guerin Agency*, 297 AD2d 430, 431 [2002]; *see e.g. Green v Holmes Protection of N.Y.*, 216 AD2d 178, 178-179 [1995]). Where a complaint does not allege facts sufficient to constitute gross negligence, dismissal is appropriate (*see Sutton Park Dev. Corp. Trading Co. v Guerin & Guerin Agency, supra* at 431). Even assuming that plaintiff's specific allegations are true, we agree with Supreme Court that they constitute only ordinary negligence and cannot survive the motion to dismiss.

The remaining arguments raised by plaintiff have been examined and found to be either unpersuasive or rendered academic by our decision herein.

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.