OPINION OF THE COURT
Ute Wolff Lally, J.
*349 This is an action to recover money damages for personal injuries allegedly sustained by plaintiff John N. Evans on October 31, 2002 while he was engaging in weight lifting exercises at the fitness center owned and operated by defendant Pikeway, Inc. At the time of the accident, plaintiff was using a weight machine and performing squats under the supervision of defendant Kaiser, a certified personal trainer as well as the manager of the fitness center.
In his bill of particulars, plaintiff alleges, inter alia, that the accident was caused “solely by the negligence of defendant Pike-way, its agents, servants and/or employees and particularly Janet Kaiser, in and about the ownership, operation, maintenance, management and control of the aforesaid gym.”
As to defendant Kaiser, plaintiff alleges that she was
“negligent and careless in that she instructed the plaintiff, John N. Evans, to perform an activity which his experience, ability, weight and size rendered dangerous and hazardous; failed to properly and adequately supervise the activities performed by this plaintiff; instructed, permitted and caused this plaintiff to lift a dangerous and hazardous amount of weight; failed to ‘spot’ this plaintiff when he was lifting the weight bar; failed to ensure that the weight lifted by this plaintiff was appropriate based on his experience, ability, weight and size; failed to properly secure the weights to the weight bar lifted by this plaintiff.”
Defendant Kaiser moves for summary judgment dismissing the complaint on the grounds that the plaintiff’s claims are barred by the doctrine of assumption of the risk and by the waiver executed by the plaintiff which included a covenant against bringing suit for personal injuries incurred in a personal training session. In addition to the foregoing grounds, defendant Pikeway, Inc. asserts that it cannot be held liable for the negligent acts of defendant Kaiser, an independent contractor.
In opposition to this motion, plaintiff asserts that: (a) the waiver and assumption of risk forms are void and unenforceable pursuant to General Obligations Law § 5-326; (b) an issue of fact exists as to whether he assumed the risks that materialized in his injury (see, Mathis v New York Health Club, 261 AD2d 345 [1999]); and (c) defendant Kaiser was a salaried employee of the gym and not an independent contractor.
The enforceability of the waiver and covenant against suit form is dispositive of plaintiffs claims.
*350 It is undisputed that prior to his first visit at the gym, plaintiff filled out a contract, a waiver form, and an addendum to fitness center contract. The waiver form stated, in pertinent part, as follows:
“I, John N. Evans have volunteered to participate in a program of physical exercise under the direction of Janet Kaiser, which will include, but may not be limited to, weight and resistance training. In consideration of Janet Kaiser’s agreement to instruct, assist, and train me, I do hereby and forever release and discharge and hereby hold harmless Janet Kaiser/JPVC, and their respective agents, heirs, assigns, contractors, and employees from any and all claims, demands, damages, rights of action or causes of action, present or future, arising out of or connected with my participation in this or any exercise program including any injuries resulting therefrom.” (Emphasis added.)
General Obligations Law § 5-326 provides that:
“Every covenant, agreement or understanding in or in connection with, or collateral to, any contract, membership application, ticket of admission or similar writing, entered into between the owner or operator of any pool, gymnasium, place of amusement or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability for damages caused by or resulting from the negligence of the owner, operator or person in charge of such establishment, or their agents, servants or employees, shall be deemed to be void as against public policy and wholly unenforceable.”
“The legislative intent of this statute is to prevent amusement parks and recreational facilities from enforcing exculpatory clauses printed on admission tickets or membership applications because the public is either unaware of them or not cognizant of their effect.” (Lemoine v Cornell Univ., 2 AD3d 1017, 1018 [2003], lv denied 2 NY3d 701 [2004].) Establishments which are instructional as opposed to recreational have been found to be outside the scope of the statute. (Fusco v Now & Zen, 294 AD2d 466 [2002]; Baschuk v Diver’s Way Scuba, 209 AD2d 369, 370 [1994]; Bacchiocchi v Ranch Parachute Club, 273 AD2d 173, 175-176 [2000].)
*351 Under the circumstances extant, this court finds that General Obligations Law § 5-326 does not apply to defendants because plaintiff was at the fitness center for instructional purposes and not recreational purposes. (See, Fusco v Now & Zen, supra.) Indeed, his injury occurred during a weight training session.
Further, the waiver at issue is explicit and comprehensible. It expressly provides that defendants were released from liability for personal injuries arising out of or connected with plaintiffs participation in an exercise program.
While it has been held that such a “release” is subject to judicial scrutiny (Blog v Battery Park City Auth., 234 AD2d 99, 100 [1996]), such a “release” will be enforceable where, as here, “the language of the exculpatory agreement expresses in unequivocal terms the intention of the parties to relieve a defendant of liability for the defendant’s negligence.” (Lago v Krollage, 78 NY2d 95, 99-100 [1991].)
Moreover, “releases” such as the one in question have been grounds for summary judgment and dismissal. (Blog v Battery Park City Auth., supra; see e.g. Castellanos v Nassau/Suffolk Dek Hockey, 232 AD2d 354 [1996]; Baschuk v Diver’s Way Scuba, supra.)
Having determined that the waiver is valid and enforceable, we need not reach the question of whether plaintiff assumed the risks inherent in the weight lifting exercises. Furthermore, the remaining arguments raised by plaintiff have been rendered academic by our decision.
In view of the foregoing, both motions are granted and the complaint is dismissed.