■ GLENN CONNOLLY, Appellant, v THE PENINSULA GROUP et al., Respondents. [852 NYS2d 104]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered May 24, 2006, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff alleges that he was seriously injured while participating in member activities at the Peninsula Spa under the supervision of defendant trainer Cardoso. During a training session, Cardoso, who was aware of plaintiff's limited mobility in his shoulder and complaints about certain exercises, allegedly insisted that plaintiff engage in a modified lateral pulldown. During that session, plaintiff felt a snap in his shoulder and later learned that a piece of steel in his shoulder from a previous surgery had dislodged.

In support of the motion to dismiss, defendants argued, inter alia, that plaintiff's claims were barred by a release that included a covenant against bringing suit for personal injuries incurred in a personal training session. Although the language of the release was clear and unambiguous, it is void as against public policy (General Obligations Law § 5-326), inasmuch as the training sessions plaintiff received were ancillary to the recreational activities offered by the spa (*see Debell v Wellbridge Club Mgt., Inc.*, 40 AD3d 248, 249 [2007]). Concur—Lippman, P.J., Friedman, Williams and Acosta, JJ.