■ CHRISTINA BOATENG, Respondent, v MOTORCYCLE SAFETY SCHOOL, INC., Appellant. [858 NYS2d 312]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated July 13, 2007, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff enrolled in a two-day motorcycle riding course offered and conducted by the defendant, paid a contract fee for the course, and signed a liability release (hereinafter the release). The course was held on the premises of Yonkers Raceway (hereinafter the raceway) and included a classroom lecture, a written exam, and outdoor riding exercises on a paved

area behind the racetrack. On the second day of the course, the outdoor lessons allegedly were held during a rainstorm, and the plaintiff fell from a motorcycle while performing a riding exercise.

The plaintiff commenced this action alleging that the defendant was negligent, inter alia, in allowing her to operate a motorcycle in the rain without proper instruction. The defendant moved for summary judgment, arguing, among other things, that the plaintiff's action, which was based solely on a theory of ordinary negligence, was barred by the terms of the release. The Supreme Court denied the defendant's motion. We reverse.

The defendant made a prima facie showing that the release signed by the plaintiff was not void under General Obligations Law § 5-326 (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). General Obligations Law § 5-326 prohibits an owner or operator of a recreational facility from enforcing a release given by an individual who has paid it a fee or other compensation for the use of the facility (*see Petrie v Bridgehampton Rd. Races Corp.*, 248 AD2d 605 [1998]). Here, the defendant submitted evidence that the raceway premises, which the defendant leased to conduct its classes, were used for instructional, not recreational or amusement, purposes (*see Lemoine v Cornell Univ.*, 2 AD3d 1017, 1018-1019 [2003]; *Baschuk v Diver's Way Scuba*, 209 AD2d 369, 370 [1994]; *cf. Debell v Wellbridge Club Mgt., Inc.*, 40 AD3d 248, 249-250 [2007]; *Bacchiocchi v Ranch Parachute Club*, 273 AD2d 173, 175-176 [2000]). Moreover, the defendant made an initial showing that the contract fee paid by the plaintiff constituted tuition for a course of instruction and not a use fee for use of a recreational facility as contemplated by the statute (*see Fusco v Now & Zen*, 294 AD2d 466, 467 [2002]; *Baschuk v Diver's Way Scuba*, 209 AD2d at 370). In response, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Further, we agree with the defendant that the terms of the release are enforceable. The language of the release clearly and unequivocally expresses the intention of the parties to relieve the defendant of liability for personal injuries sustained by the plaintiff by reason of its negligence (*see Lago v Krollage*, 78 NY2d 95, 99-100 [1991]; *Gross v Sweet*, 49 NY2d 102, 107-108 [1979]; *Castellanos v Nassau/Suffolk Dek Hockey*, 232 AD2d 354, 355 [1996]; *Baschuk v Diver's Way Scuba*, 209 AD2d at 370). Moreover, the release is similarly clear in reciting that the plaintiff was aware of and assumed the risks associated with

participating in the defendant's motorcycle riding course (*see Castellanos v Nassau/Suffolk Dek Hockey*, 232 AD2d at 355; *Chieco v Paramarketing, Inc.*, 228 AD2d 462, 463 [1996]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.