CHET D. SCHWARTZ, Respondent, v TERENCE MARTIN, Defendant/Third-Party Plaintiff, CENTURY ROAD CLUB ASSOCIATION et al., Appellants, and CITY OF NEW YORK et al., Defendants/Third-Party Defendants-Appellants. [919 NYS2d 217]—

In 2001, 2005, and 2009, the plaintiff purchased a racing license from the defendant USA Cycling, Inc. (hereinafter USAC). Each license application included an "acknowledgment of risk, release of liability, indemnification agreement and covenant not to sue," which the plaintiff signed. The latest acknowledgment provided, among other things, that the plaintiff released USAC, its affiliates, property owners and public entities, from "any and all rights and claims including claims arising from the releasees' own negligence . . . and from any and all damages which may be sustained by me directly or indirectly in connection with, or arising out of, my participation in or association with a USA Cycling event . . . in which I may participate as a rider . . . official, volunteer, or in any other manner." Approximately two months after signing the latest release, the plaintiff was acting as a marshal at a Century Road Club Association (hereinafter CRCA) club race in Central Park, which was a required condition to participating in CRCA club races in Central Park. During the race, the plaintiff allegedly was struck and injured by a bicycle ridden by the defendant Terence Martin, who was not participating in the race.

The releases clearly and unequivocally expressed the intention of the parties to relieve USAC, its affiliate CRCA, the City of New York, and the New York City Department of Parks and Recreation of liability for their own negligence (*see Lago v Krollage*, 78 NY2d 95, 99-100 [1991]; *Brookner v New York Roadrunners Club, Inc.*, 51 AD3d 841 [2008]; *Tedesco v Triborough Bridge & Tunnel Auth.*, 250 AD2d 758 [1998]; *Castellanos v Nassau/Suffolk Dek Hockey*, 232 AD2d 354, 355 [1996]). Further, the releases do not violate General Obligations Law § 5-326. Although the plaintiff purchased a racing license from USAC, he did not pay a fee to use Central Park (*see Lago v Krollage*, 78 NY2d at 101; *Bufano v National Inline Roller Hockey Assn.*, 272 AD2d 359 [2000]; *cf. Petrie v Bridgehampton Rd. Races Corp.*, 248 AD2d 605, 606 [1998]). While an enforceable release will not insulate a party from grossly negligent conduct (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 544 [1992]; *Gross v Sweet*, 49 NY2d 102, 106 [1979]), the alleged acts of the defendants do not rise to the level of intentional wrongdoing or evince a reckless indifference to the rights of others (*see Goldstein v Carnell Assoc., Inc.*, 74 AD3d 745, 746-747 [2010]; *Brookner v New York Roadrunners Club, Inc.*, 51 AD3d at 842). Consequently, CRCA and USAC established, prima facie, their entitlement to judgment as a matter of law (*see Thiele v Oakland Val., Inc.*, 72 AD3d 803 [2010]; *Boateng v Motorcycle Safety School, Inc.*, 51 AD3d 702, 703 [2008]). In opposition, no triable issue of fact was raised (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the plaintiff's contention, the cross motion for summary judgment was not premature (*see Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]). Accordingly, the Supreme Court should have granted the cross motion of CRCA and USAC for summary judgment dismissing the complaint insofar as asserted against them.

In light of our determination, the Supreme Court erred in granting the plaintiff's motion for leave to amend the complaint to add the City of New York and the New York City Department of Parks and Recreation as defendants, as the proposed amendment was patently devoid of merit (*see Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc.*, 54 AD3d 393 [2008]; *Spano v Northwood Tree Care, Inc.*, 48 AD3d 667, 668 [2008]). Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.