Sjogren v Board of Trustees of Dutchess Community Coll. (2023 NY Slip Op 02551)

Sjogren v Board of Trustees of Dutchess Community Coll.

2023 NY Slip Op 02551

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-00482
 (Index No. 50578/19)

[*1]Lynn Sjogren, respondent, 
v
Board of Trustees of Dutchess Community College, et al., appellants, et al., defendant.

Manson & McCarthy, Middletown, NY (David B. Manson and Michael Kern of counsel), for appellants.
Rusk, Wadlin, Heppner & Martuscello, LLP, Kingston, NY (Nikolas S. Tamburello and John Rusk of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Board of Trustees of Dutchess Community College and SUNY Dutchess, also known as Dutchess Community College, appeal from an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated January 11, 2021. The order denied those defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, that branch of the motion of the defendants Board of Trustees of Dutchess Community College and SUNY Dutchess, also known as Dutchess Community College, which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them is granted, and that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them is denied as academic.
The plaintiff enrolled in a wellness and fitness education course, which was a mandatory course that had to be taken as part of her general studies degree program at Dutchess Community College. The plaintiff informed the course instructor of her prior back injuries, and signed a release which, in relevant part, "discharge[d] Dutchess Community College from all liability for . . . any claim of injury to [the plaintiff's] person . . . whether harm is caused by the negligence of the releasees or otherwise." The release further provided that it was "intended to be broad and inclusive in keeping with state laws."
The plaintiff commenced this action against the defendants Board of Trustees of Dutchess Community College and SUNY Dutchess, also known as Dutchess Community College (hereinafter together the DCC defendants), and another defendant, alleging that the defendants "negligently compelled the plaintiff's participation in mandatory gym activities . . . including Pilates and speed walking," which allegedly reinjured the plaintiff's back.
The DCC defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint [*2]insofar as asserted against them on the ground that the action was barred by the release executed by the plaintiff, or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion. The DCC defendants appeal.
"Generally, 'a valid release constitutes a complete bar to an action on a claim which is the subject of the release'" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276, quoting Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 98). "'A release is a contract, and its construction is governed by contract law'" (Collins-Genova v Louros, 204 AD3d 748, 750, quoting Ivasyuk v Raglan, 197 AD3d 635, 636). "Where the language of an exculpatory agreement expresses in unequivocal terms the intention of the parties to relieve a defendant of liability for its own negligence, the agreement will be enforced" (Skywest, Inc. v Ground Handling, Inc., 150 AD3d 922, 923 [internal quotation marks omitted]; see Lago v Krollage, 78 NY2d 95, 100; Hsu v Krav Maga NYC, LLC, 138 AD3d 463). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release 'shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release'" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276, quoting Fleming v Ponziani, 24 NY2d 105, 111).
Here, the language of the release clearly and unequivocally expressed the intention of the parties to relieve the DCC defendants of liability for personal injuries sustained by the plaintiff by reason of their negligence (see Schwartz v Martin, 82 AD3d 1201, 1203; Thiele v Oakland Val., Inc., 72 AD3d 803, 803; Boateng v Motorcycle Safety School, Inc., 51 AD3d 702, 703; Lemoine v Cornell Univ., 2 AD3d 1017, 1020). Moreover, the release is similarly clear in reciting that the plaintiff was aware of and assumed the risks associated with participating in the wellness and fitness education course (see Boateng v Motorcycle Safety School, Inc., 51 AD3d at 703-704). Contrary to the plaintiff's contention, her allegation that the DCC defendants "compelled the plaintiff's participation in mandatory gym activities" and that the DCC defendants' Pilates instructor "insisted" that she "attempt" an exercise that consisted of lifting her legs and shoulders off of the ground while lying on her back, does not "betoken[ ] a reckless indifference to the rights of others" which would constitute gross negligence (Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 385; see Sommer v Federal Signal Corp., 79 NY2d 540, 554; Schwartz v Martin, 82 AD3d at 1203; Lemoine v Cornell Univ., 2 AD3d at 1020; cf. Tauro v Gait, 158 AD3d 1261, 1261-1262).
In opposition, the plaintiff failed to raise a triable issue of fact that there had been fraud, duress, or some other fact which would be sufficient to void the release (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276; cf. Ellison v Chartis Claims, Inc., 178 AD3d 665, 670; Gandham v Gandham, 170 AD3d 964, 967; Lopez v 121 St. Nicholas Ave. H.D.F.C., 28 AD3d 429, 430; Capstone Enters. of Port Chester v County of Westchester, 262 AD2d 343, 344).
Accordingly, the Supreme Court should have granted that branch of the DCC defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them.
In light of the foregoing, we need not reach the parties' remaining contentions.
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court