■ RONA H. BROWN, Plaintiff, v TOWN OF CLARENCE, Defendant and Third-Party Plaintiff-Appellant. ST. PAUL'S EPISCOPAL CHURCH, Third-Party Defendant-Respondent.—Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: On November 15, 1986, plaintiff Rona H. Brown allegedly sustained personal injuries when she slipped and fell while walking across the floor of the "Town Park Clubhouse", a facility owned by the Town of Clarence (the Town). At the time of her accident, plaintiff was a guest at a fashion show sponsored by St. Paul's Episcopal Church (St. Paul's). Plaintiff commenced an action against the Town for its alleged negligence in maintaining a defective floor. The Town commenced a third-party action against St. Paul's seeking judgment declaring that St. Paul's was obligated to indemnify the Town and defend the negligence action based upon an indemnity agreement. That agreement provided that St. Paul's would "indemnify and save harmless the Town against and from any and all claims by or on behalf of any person(s)

\* \* \* arising from the conduct of, or management of the facilities or use of equipment or from any accident in or on the Town facilities and will further indemnify and save Town harmless against and from any and all claims arising from any defects of facilities on *[sic]* equipment for which the Town was not put on notice, did not have knowledge of, or should have had knowledge of".

Following the completion of discovery, the Town moved for summary judgment against St. Paul's for the relief demanded in its third-party complaint. St. Paul's cross-moved for summary judgment dismissing the third-party complaint. Supreme Court denied the Town's motion and granted St. Paul's cross motion. The court determined that the indemnity agreement was void and unenforceable because it violated the provisions of General Obligations Law § 5-321.

We conclude that General Obligations Law § 5-321 is inapplicable because that section applies to leases of real property and the agreement that authorized St. Paul's to use the clubhouse facility on November 15, 1986, constituted a license, not a lease *(see,* Black's Law Dictionary 889, 919-920 [6th ed 1991]; 49 NY Jur 2d, Easements and Licenses in Real Property, §§ 195, 199; 74 NY Jur 2d, Landlord and Tenant, §§ 3, 9). St. Paul's, however, is entitled to a judgment declaring that it has no duty to indemnify the Town or to assume its defense of plaintiff's negligence action because the record establishes that the Town had actual knowledge or notice of the defective condition of the floor that is alleged to be the cause of plaintiff's accident and injuries. The deposition testimony of the Town Superintendent of Parks, coupled with his written material regarding prior slip and fall accidents on the clubhouse floor, in the months preceding plaintiff's accident, established that the Town was aware of the slippery condition of the floor.

In view of our determination, we do not address St. Paul's argument, raised for the first time on appeal, that the indemnity agreement is void as against public policy pursuant to General Obligations Law § 5-326.

Accordingly, judgment is granted declaring that St. Paul's has no duty to indemnify the Town or to assume its defense of plaintiff's negligence action. (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present —Callahan, J. P., Boomer, Balio, Davis and Doerr, JJ.