■ THOMAS BENNETT, Respondent, v GENESEE MARINA, INC., Doing Business as RIVERVIEW YACHT BASIN, et al., Appellants. STATE FARM FIRE AND CASUALTY COMPANY, as Subrogee of EDWARD MISKINIS et al., Respondents, v GENESEE MARINA, INC., Doing Business as RIVERVIEW YACHT BASIN, et al., Appellants. ROYAL INSURANCE COMPANY OF AMERICA, as Subrogee of CENTRAL AUTO AUCTIONS, INC., Doing Business as CENTRAL AUTO EXCHANGE, et al., Respondents, v GENESEE MARINA, INC., Doing Business as RIVERVIEW YACHT BASIN, et al., Appellants. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, as Subrogee of FRANK SANZA, Respondent, v GENESEE MARINA, INC., Doing Business as RIVERVIEW YACHT BASIN, et al., Appellants. [656 NYS2d 1013] —Order unanimously affirmed without costs. Memorandum: In these consolidated actions, plaintiffs allege that defendants are liable for the damage to their boats caused by a fire at defendants' marina. Supreme Court properly granted plaintiffs' motions to strike defendants' third and sixth affirmative defenses, which allege contractual release of liability, and properly denied defendants' cross motion for summary judgment dismissing the complaints. We agree with defendants that the boat space rental agreement at issue constituted a license, not a lease of real property, and that General Obligations Law § 5-321 therefore is inapplicable (*see, Brown v Town of Clarence*, 181 AD2d 1055, 1056). Nevertheless, we conclude that the release provision does not unequivocally state that it encompasses the liability of defendants for their own negligent acts and, thus, it is not sufficiently explicit to exculpate defendants from the consequences of their own negligence (*see,*

*Gross v Sweet,* 49 NY2d 102, 107-109). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.