■ CLEMENT L. SEGALE, Appellant, v NU WAVE MARINE, INC., Respondent. [663 NYS2d 872] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Winick, J.), dated September 27, 1996, which, upon

granting the defendant's motion for summary judgment, dismissed the complaint, and (2) an order of the same court, dated January 29, 1997, which denied (a) that branch of the plaintiff's motion which was denominated as one for renewal and reargument but was actually for reargument, and (b) that branch of the plaintiff's motion which was for leave to file an amended complaint.

Ordered that the appeal from so much of the order dated January 29, 1997, as denied that branch of the plaintiff's motion which was denominated as one for renewal and reargument but was actually for reargument is dismissed; and it is further,

Ordered that the order and judgment dated September 27, 1996, is affirmed; and it is further,

Ordered that the order dated January 29, 1997, is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff, who was the co-owner of a boat, rented space at the defendant's marina. In September 1994, the plaintiff allegedly sustained injuries in an altercation with two individuals who were trespassing on the plaintiff's boat. The plaintiff commenced this action against the defendant, alleging essentially that the defendant negligently failed to provide adequate security at the marina. Upon the defendant's motion for summary judgment, the Supreme Court dismissed the complaint. Thereafter, the defendant moved for reargument and leave to amend the complaint.

Although the Supreme Court correctly concluded that the plaintiff failed to produce evidence demonstrating that the defendant "knew or should have known of the probability of conduct on the part of third persons which was likely to endanger the safety of those lawfully on the premises" (*Francis v Ocean Vil. Apts.*, 222 AD2d 551; *see also, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519; *Canela v Wavecrest Mgt. Team*, 241 AD2d 506; *Howard-Seay v Dorchester Towers Assocs.*, 227 AD2d 525), the evidence submitted by the plaintiff was sufficient to raise a triable issue of fact with regard to whether the defendant voluntarily assumed a duty to provide security for the premises (*see, Heard v City of New York*, 82 NY2d 66, 72; *Nallan v Helmsley-Spear, Inc., supra*, at 521-522; *Johnson v City of New York*, 208 AD2d 595; *Fontana v Falides Assocs.*, 202 AD2d 631).

Nevertheless, the defendant was entitled to summary judgment based on a clause in the parties' agreement in which the

plaintiff released the defendant from "any and all liability from [*sic*] loss, injury (including death), or damages to persons or property sustained while in or on the facilities of [the defendant], including fire, theft, vandalism, windstorm, high or low waters, hail, rain," etc. The inclusion of theft and vandalism in the list of possible causes negates the Supreme Court's conclusion that the provision did not preclude liability for intentional acts. Contrary to the plaintiff's contentions, the provision is not barred by General Obligations Law § 5-321 (*see, Bennett v Genesee Marina*, 237 AD2d 908; *see also, Brown v Town of Clarence*, 181 AD2d 1055).

Although the plaintiff denominated one branch of his second motion as being for reargument and renewal, he failed to offer an excuse for failing to submit the additional facts on which the application was based to the court on the original motion. Accordingly, the motion should be properly denominated as solely for reargument, the denial of which is not appealable (*see, High v County of Westchester*, 238 AD2d 476; *King v Rockaway One Co.*, 202 AD2d 395).

That branch of the plaintiff's second motion which was for leave to amend the complaint was properly denied, inasmuch as the new cause of action in the proposed amended complaint was clearly lacking in merit (*see, Kaplansky v Kaplansky*, 212 AD2d 667; *McKiernan v McKiernan*, 207 AD2d 825). Copertino, J. P., Sullivan, Friedmann and Luciano, JJ., concur.