■ ELM SHADE MAINTENANCE CORPORATION, Respondent, v ELM SHADE ESTATES, INC., Appellant. [667 NYS2d 807] —Cardona, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered March 3, 1997 in Sullivan County, which denied defendant's motion to dismiss the complaint.

Charles Freilick is the founder of defendant, a cooperative corporation which owns certain real property in the Town of Fallsburg, Sullivan County, that has been developed for residential purposes as a cooperative bungalow colony. Between 1986 and 1987, Freilick built 15 units within the development which he sold to individual purchasers who comprise the cooperative members of defendant. Prior to these conveyances, he established plaintiff for the purpose of providing building services and ground maintenance to the development. In his capacity as president of both plaintiff and defendant, Freilick

signed a 10-year maintenance agreement between plaintiff and defendant. Under the terms of the agreement, plaintiff was obligated to maintain the grounds and open and close the water systems in the fall and spring each year at a cost of $800 per household.

According to Freilick, from 1986 through 1993, plaintiff fully performed its maintenance obligations under the agreement and collected the appropriate fees. Between 1994 and 1995, an additional 24 units were constructed within the development by another contractor on land purchased from Freilick. In 1994, at a time when Freilick was no longer its president, defendant retained a third party to perform the maintenance duties formerly performed by plaintiff. Plaintiff, in turn, demanded payment of the remaining annual maintenance fees due under the agreement for 1994, 1995 and 1996, as well as a deficiency for prior years. When payment was not forthcoming, plaintiff and Freilick commenced this breach of contract action against defendant in November 1994.

Following joinder of issue and Supreme Court's denial of certain motions made by the parties, plaintiff and Freilick moved to amend the complaint in June 1996. Defendant, in turn, cross-moved to dismiss the complaint on the basis that neither Freilick nor plaintiff had standing to maintain the action. In particular, defendant asserted that Freilick was not a signatory to or assignee of the maintenance agreement and that plaintiff was a defunct corporation. Supreme Court, *inter alia*, dismissed Freilick as a party to the action, but denied the remainder of defendant's cross motion finding that defendant had tendered insufficient proof that plaintiff was a defunct corporation. In September 1996, defendant again moved to dismiss the complaint on the ground that plaintiff lacked standing because it was a defunct corporation, this time tendering proof from the Department of Taxation and Finance. Supreme Court, however, treated the motion as a motion for reargument and denied the same. Defendant appeals.

Based upon our review of the papers submitted by defendant in support of its September 1996 motion, we conclude that Supreme Court properly characterized it as a motion for reargument and, therefore, the denial of such relief is not appealable (*see, Matter of Johnson v Coombe*, 236 AD2d 669; *Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783; *Five Riverside Dr. Towers Corp. v Chenango, Ltd.*, 111 AD2d 1025, 1026). A comparison of the September 1996 motion with defendant's prior motion reveals that both motions were made upon the same ground, that being plaintiff's alleged lack of

standing due to its status as a defunct corporation. At first glance, the September 1996 motion would appear to be a motion for renewal insofar as it is based upon newly discovered evidence obtained from the Department of Taxation and Finance. Defendant's failure, however, to demonstrate that such evidence was not available when the original motion was made or to offer a justifiable excuse for not placing such evidence before the court in the first instance compels us to conclude that the motion was one for reargument (*see, Segale v Nu Wave Mar.*, 244 AD2d 326, 328; *McGill v Polytechnic Univ.*, 235 AD2d 402, 404; *Grassel v Albany Med. Ctr. Hosp.*, 223 AD2d 803, 804, *lv dismissed in part and denied in part* 88 NY2d 842). Accordingly, the appeal must be dismissed. In view of our disposition, we need not address the merits of defendant's claims.

Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the appeal is dismissed, without costs.