■ RAY SENISES et al., Respondents, v MICHAEL LEE, Appellant. [676 NYS2d 480] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated November 13, 1997, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"To recover damages from an owner of real property for injuries caused by the acts of criminals on the premises, a plaintiff must produce evidence indicating that the owner knew or should have known of the probability of conduct on the part of third persons which was likely to endanger the safety of those lawfully on the premises" (Francis v Ocean Vil. Apts., 222 AD2d 551; see, Jacqueline S. v City of New York, 81 NY2d

288, 294-295; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519-520; *Segale v Nu Wave Mar.*, 244 AD2d 326; *Davis v Jo-Ern Realty Corp.*, 239 AD2d 458; *Howard-Seay v Dorchester Towers Assocs.*, 227 AD2d 525, 526). The plaintiffs failed to submit evidence raising a triable issue of fact as to whether the incident in question was reasonably foreseeable (*see, Segale v Nu Wave Mar., supra; Davis v Jo-Ern Realty Corp., supra; Iannelli v Powers*, 114 AD2d 157, 162-163). Contrary to the plaintiffs' contention, the deposition testimony of the plaintiff Ray Senises that the police recently had been called to the building to break up a dispute or argument does not constitute evidence of any criminal activity on or around the premises. Therefore, the defendant's motion should have been granted. Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.