■ CAROL BARONE, Appellant, v ST. JOSEPH'S VILLA, Respondent. (Appeal No. 1.) [679 NYS2d 870] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Pigott, Jr., and Fallon, JJ.

■ CAROL BARONE, Appellant, v ST. JOSEPH'S VILLA, Respondent. (Appeal No. 2.) [679 NYS2d 782] —Order unanimously reversed on the law with costs, motion for summary judgment denied and complaint reinstated. Memorandum: Plaintiff commenced this action to recover for personal injuries that she sustained in a fall while participating in a "challenge" course owned by defendant. Supreme Court granted defendant's motion for summary judgment dismissing the complaint based on a release signed by plaintiff before she was injured and, upon reargument, adhered to its determination. On appeal, plaintiff contends that the release is unenforceable under General Obligations Law § 5-326 and cannot be construed to bar a claim alleging defendant's negligence.

General Obligations Law § 5-326 does not apply to this case because defendant is not the owner or operator of a "pool, gymnasium, place of amusement or recreation, or similar establishment" (General Obligations Law § 5-326; *see, Lago v Krollage*, 78 NY2d 95, 101; *Gross v Sweet*, 49 NY2d 102, 107;

*Tedesco v Triborough Bridge & Tunnel Auth.*, 250 AD2d 758; *Chieco v Paramarketing, Inc.*, 228 AD2d 462, 463; *Perelman v Snowbird Ski Shop*, 215 AD2d 809, 810). Defendant is a not-for-profit entity that operates a residence for needy adolescents and provides mental health and other community services; it maintains the "challenge" course for therapeutic purposes as part of its mission to deliver mental health and other support services. Because the statute does not apply to this case, the release is not void thereunder.

We conclude, however, that the release may not be construed to exculpate defendant for its own negligence absent clear and explicit language to that effect (*see, Gross v Sweet, supra*, at 107-110; *see also, Lago v Krollage, supra*, at 99-100; *Ciofalo v Tanney Gyms*, 10 NY2d 294, 297). The release recites that plaintiff will hold defendant and its agents "harmless from all damages, losses and expenses" "arising out of [plaintiff's] use of the premises, operations, or facilities of [defendant]." Defendant's negligence is not mentioned. Thus, the release may not be construed to bar the claim that plaintiff was injured as a result of defendant's negligence (*see, Bennett v Genesee Marina*, 237 AD2d 908, 908-909; *Machowski v Gallant*, 234 AD2d 933, 934). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Reargument.) Present—Denman, P. J., Hayes, Pigott, Jr., and Fallon, JJ.