■ MICHAEL BALYSZAK, Plaintiff, v SIENA COLLEGE, Defendant and Third-Party Plaintiff-Respondent, and UNITED STATES VOLLEYBALL ASSOCIATION, INC., et al., Appellants. AMERICAN SPECIALTY INSURANCE SERVICES, INC., et al.,Third-Party Defendants-Appellants. [882 NYS2d 335]—

Lahtinen, J. Appeal from that part of an order of the Supreme Court (Lynch, J.), entered March 11, 2007 in Albany County, which partially granted a cross motion by defendant Siena College for summary judgment on its cross claim seeking contractual indemnification and on its third-party action.

Plaintiff sustained injuries when a referee's platform upon which he was standing collapsed during a volleyball tournament being held at defendant Siena College. Defendants United States Volleyball Association, Inc. and Bad Influence (Pac-Man) Volleyball Club (hereinafter collectively referred to as USVBA) had contracted with Siena to hold the tournament at the college's field house. The contract—entitled a "Facility Rental Agreement"—provided that USVBA would indemnify Siena for all claims for injury to person or property and also that USVBA would furnish a certificate of insurance naming Siena as an additional insured on USVBA's liability policy. USVBA provided a certificate of insurance from their insurers, third-party defendants, American Speciality Insurance Services, Inc. and United States Fidelity and Guaranty Company (hereinafter collectively referred to as the insurers). That certificate stated that Siena was an additional insured, but only with respect to the negligence of USVBA at the tournament.

Plaintiff commenced this action against Siena and USVBA. Siena asserted cross claims against USVBA for common-law indemnity, contractual indemnity and breach of contract. The insurers refused Siena's request for a defense and indemnification, prompting Siena to bring a third-party action against the insurers claiming that they had a duty to defend and indemnify Siena both as an additional insured and also under a "contractual liability" provision of the insurance policy, which provided coverage for contractual duties to indemnify assumed by USVBA.

Following motions by USVBA and Siena, Supreme Court rendered a comprehensive written decision. The court found that questions of fact existed as to whether negligence by Siena or USVBA was a cause of the accident. However, Supreme Court partially granted Siena's cross motion finding, among other things, that USVBA had contracted to provide indemnification regardless of Siena's negligence, that the insurers named Siena as an additional insured requiring them under the broad scope of the duty to defend to provide Siena a defense (even if Siena was ultimately found to have been negligent), and that the insurers were further obligated to defend and indemnify based upon the "contractual liability" provision of the policy. USVBA and the insurers appeal.

Initially, we note that during the time that this appeal was pending, plaintiff settled his action for $75,000. That settlement does not, however, render this appeal moot. The settlement was made with the express reservation of the right to pursue this appeal regarding the relative responsibilities of Siena, USVBA

and the insurers. Since the rights of those parties will be affected by our determination, the appeal is not moot (*see Matter of Utica Mut. Ins. Co. [Selective Ins. Co. of Am.]*, 27 AD3d 990, 991-992 [2006]; *Matter of Sacket v Bartlett*, 241 AD2d 97, 100 [1998], *lv denied* 92 NY2d 806 [1998]).

The insurers and USVBA contend that USVBA did not agree to indemnify Siena for negligence by Siena. We are unpersuaded. "When the intent is clear, an indemnification agreement will be enforced even if it provides indemnity for one's own or a third party's negligence" (*Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265, 275 [2007] [citation omitted]). Here, paragraph 12 of the agreement provided, in relevant part, that "[USVBA] hereby expressly covenants and agrees to indemnify [Siena] against all claims and demands for damages for injury to any person or property occurring on or about the lease facility premises."* Similar language has been found to extend indemnification even if the party being indemnified was negligent (*see Levine v Shell Oil Co.*, 28 NY2d 205, 210-213 [1971]). We agree with Supreme Court that a subsequent paragraph in the contract supplements, but does not limit or replace, the indemnification requirement of paragraph 12. Indeed, adopting the construction urged by the insurers and USVBA would render paragraph 12 essentially a "nullity," and "this could not have been the intent of the parties" (*id.* at 213).

Considering next the duty to defend, it is axiomatic that the duty to defend is "exceedingly broad" (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006] [internal quotation marks and citations omitted]). It is clear from this record that the fact that Siena was named an additional insured gave rise to such a duty (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]; *Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003]). Moreover, as explained by Supreme Court, the "contractual liability" provision of the coverage also gave rise to a duty to defend and indemnify Siena under the circumstances of this case. The remaining arguments have been considered and are either academic or unpersuasive.

Peters, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Although the agreement uses lease language, the use of the field house authorized by the agreement constituted a license and, thus, General Obligations Law § 5-321 is not implicated (*see Brown v Town of Clarence*, 181 AD2d 1055, 1056 [1992]).