Bellucia v CF 620 (2019 NY Slip Op 03884)





Bellucia v CF 620


2019 NY Slip Op 03884


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Friedman, J.P., Gische, Oing, Singh, Moulton, JJ.


8055 150207/11 -4980 154546/12 -5186 155764/12 155973/13

[*1]Francesco Bellucia, Plaintiff-Respondent,
v
CF 620, et al., Defendants-Appellants-Respondents, Building Service 32BJ Health Fund, et al., Defendants-Respondents-Appellants, Robinson Elevator LLC, et al., Defendants-Respondents.
Jesus Rivera, et al., Plaintiffs-Respondents,
v
CF 620 Owner One, et al., Defendants-Appellants-Respondents, Building Service 32BJ Health Fund, et al., Defendants-Respondents-Appellants, Robinson Elevator Group, LLC, et al., Defendants-Respondents, Schimenti Construction Company, et al., Defendants.
Brian Christian, Plaintiff,
v
Building Service 32BJ Health Fund, et al., Defendants-Respondents-Appellants, Robinson Elevator Group, LLC, et al., Defendants-Respondents.
Efrain Hernandez, Plaintiff,
v
CF 620 Owner One, et al., Defendants-Appellants-Respondents, Building Service 32BJ Health Fund, et al., [*2] Defendants-Respondents-Appellants, Robinson Elevator Group, LLC, et al. Defendants-Respondents.
Phillip Nicholas, et al., Plaintiff,
v
CF 60 Owner One, LLC, et al., Defendants-Appellants-Respondents, Building Service 32BJ Health Fund, et al., Defendants-Respondents-Appellants, Robinson Elevator LLC, et al., Defendants-Respondents.
Glen Gerisch, Plaintiff,
v
CF 60 Owner One, LLC, et al., Defendants-Appellants-Respondents, Building Service 32BJ Health Fund, et al., Defendants-Respondents-Appellants, Robinson Elevator LLC, et al., Defendants-Respondents.
Joseph Marandola, et al., Plaintiffs-Respondents-Appellants,
v
CF 60 Owner One, LLC, et al., Defendants-Appellants-Respondents, Building Service 32BJ Health Fund, et al., Defendants-Respondents-Appellants, Newmark Knight Frank Global Management Services, LLC, Defendants-Respondents.
David Kwarta, Plaintiff, Robinson Elevator LLC, et al., Defendants-Respondents,
v
Henegan Construction Co., Inc., et al., Defendants-Respondents-Appellants, CF 60 Owner One, LLC, et al., Defendants-Appellants-Respondents.
Joseph DeSimone, Plaintiff-Respondent,
v
Bonjour 620 I, LLC, et al., Defendants-Appellants-Respondents, Newark Knight Global Management Services, et al., Defendants-Respondents, Henegan Construction., Inc., Defendant-Respondent-Appellant.
Jose Molina, et al., Plaintiffs-Respondents,
v
CF 60 Owner One, LLC, et al., Defendants-Appellants-Respondents, Henegan Construction., Inc., Defendant-Respondent-Appellant, Robinson Elevator LLC, et al. Defendants-Respondents.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Timothy R. Capowski of counsel), for appellants-respondents.
Eustace, Marquez, Epstein Prezioso & Yapchanyk, New York (Richard C. Prezioso of counsel), for Building Service 32BJ Health
Fund Service Employees International Union 32BJ,
respondent-appellant.
Brody & Branch LLP, New York (Mary Ellen O'Brien of counsel), for Henegan Construction, respondent.
Gottlieb, Siegel & Schwartz, LLP, New York (Daniel J. Goodstadt of counsel), for Robinson Elevator LLC, Robinson Elevator Group LLC, MJR Consulting, LLC, MJR Consulting, Inc. and MJR Elevator Consulting Group, respondents.
Sabatini & Associates, New York (Steve S. Efron of counsel), for
Schindler Elevator Corporation, respondent.
Creedon & Gill P.C., Northport (Peter J. Creedon of counsel), for Fransceco Bellucia, respondent.
Neil Greenberg & Associates, P.C., Massapequa (Neil H. Greenberg of counsel), for Jesus Rivera, Diane Acevedo, Brendan
Giannini, Edward Quimby, Naomi Quimby, William Clifton, Linda
Clifton, David Jenne, Christopher Franzone and Maria Franzone, respondents.
Sullivan Papain Block McGrath & Cannavo P.C., New York (Brian J. Shoot of counsel), for Joseph Marandola and Antonella Marandola, respondents.
Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for Joseph DeSimone, respondent.
Fiore Law Group, Central Islip (Andrew J. Fiore of counsel), for
Jose Molina and Rachel Molina, respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 12, 2017, which, to the extent appealed from as limited by the briefs, granted defendants Robinson Elevator, LLC, Robinson Elevator Group, LLC, and MJR Elevator Consulting Group, LLC's (collectively, Robinson Elevator) and Schindler Elevator Corporation's (Schindler Elevator) motions for summary judgment dismissing the complaint of plaintiffs Joseph Marandola and Antonella Marandola (the Marandola plaintiffs) and the common-law indemnity cross claims of defendants CF 620 Owner, LLC, CF 620 Owner One, LLC, CF 620 Owner Two, LLC, and CF 620 Owner Three, LLC, Bonjour 620 I, LLC, Bonjour 620 II, LLC, YL 620 Sixth, LLC, Newmark Knight Frank Global Management Services, LLC, and Newmark & Company Real Estate, Inc.'s (collectively, CF620); granted the Marandola plaintiffs' and other plaintiffs'[FN1] cross motions for summary judgment against CF620 with respect to Labor Law § 241(6) predicated on CF620's violation of 12 NYCRR 23-1.7(f) and granted defendants Building Service 32BJ Health Fund's (Fund) and Henegan Construction Co., Inc.'s (Henegan) motions for summary judgment with respect to indemnification against CF620, unanimously reversed, on the law, without costs, and the motions denied.
This action arises out of an accident in which a manually operated freight elevator in a building undergoing construction dropped suddenly from the fourth floor to the basement while carrying plaintiff Joseph Marandola, and other individuals working on the project, causing injuries.
Robinson Elevator had recently serviced the elevator for conditions implicated in the accident. Various experts identified a broken switch/spring inside the elevator control handle and improperly installed brakes as proximate causes of the accident. Robinson Elevator had purportedly repaired the control handle and performed modifications to the brake system in the weeks preceding the accident. Just over a week before the accident, CF620 had emailed Robinson Elevator, informing it that the elevator car had fallen and requesting service. Robinson Elevator serviced the elevator and told CF620 that the free fall had been caused by operator error. Accordingly, issues of fact as to Robinson Elevator's negligence preclude summary judgment dismissing the Marandola plaintiffs' complaint and CF620's cross claim for common-law indemnity as against it (see Dzidowska v Related Cos., LP, 157 AD3d 447, 448 [1st Dept 2018]).
Schindler Elevator is also not entitled to summary dismissal of the Marandola plaintiffs' complaint and CF620's cross claim for common-law indemnity as against it. Factual issues exist as to whether, pursuant to its service contract, Schindler properly serviced the governor, a device that detects and arrests dangerous elevator speeds, and whether it properly serviced the switch/spring inside the elevator control handle.
CF620 also established that Supreme Court erroneously granted summary judgment to the Marandola plaintiffs and to the other plaintiffs who moved for summary judgment with respect to Labor Law § 241(6) predicated on CF620's violation of 12 NYCRR 23-1.7(f), and erroneously granted the Fund's and Henegan's motions for summary judgment with respect to indemnification against CF620. Issues of fact exist as to whether CF620 was negligent and whether any such negligence was a proximate cause of the accident.
Additionally, the Marandola plaintiffs' claims against Robinson Elevator and Schindler Elevator should not have been dismissed because factual issues exist as to whether Robinson and Schindler were negligent in maintaining the freight elevator and whether any such negligence was a proximate cause of the accident.
CF620's settlements with all plaintiffs and various codefendants do not moot its appeal (Balyszak v Siena Coll., 63 AD3d 1409, 1410-1411 [3d Dept 2009]). M-4980 & M-5186 - Bellucia v CF 620 Owner, LLC
Motions to dismiss the appeal on the ground of waiver denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK



Footnotes

Footnote 1:Glen Gerisch, Brian Christian, Efrain Hernandez, Philip Nicholas and Susan Nicholas.