Mirza v Boulevard Retail LLC (2023 NY Slip Op 01479)

Mirza v Boulevard Retail LLC

2023 NY Slip Op 01479

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Shulman, JJ. 

Index No. 160899/18, 565715/19, 596063/20 Appeal No. 17553 Case No. 2022-04669 

[*1]Shaun Mirza et al., Plaintiffs,
v
Boulevard Retail LLC, Defendant-Appellant, Namdor, Inc. Doing Business as Gristedes Supermarkets, et al., Defendants, Banana Republic, LLC., Defendant-Respondent. [And Third-Party Actions] 

Mischel & Horn, P.C., New York (Andrew Fisher of counsel), for appellant.
The Law Office of Michael J. Prisco, Massapequa (Michael J. Prisco of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered September 9, 2022, which granted defendant Banana Republic, LLC's motion for summary judgment on its contractual indemnification cross claim against defendant Boulevard Retail LLC, unanimously affirmed, with costs.
Boulevard Retail leased part of a commercial unit to Banana Republic. In July 2016, the New York City Department of Buildings notified Boulevard Retail that the unit's cooling towers were discharging into occupied apartments on higher floors of the building, in violation of the New York City Mechanical Code. In August 2017, the Department issued a similar notice to Banana Republic. In January 2018, the parties agreed that Banana Republic would pay $7.5 million to terminate the lease. In March 2018, the parties supplemented the lease termination agreement. As relevant, the supplemental agreement provided that
"Tenant shall not be responsible or liable for curing any violations whatsoever (whether known or unknown) of applicable Law relative to the HVAC Unit which have arisen or may hereafter arise. Landlord shall indemnify and hold Tenant harmless from any and all claims, judgments, damages, penalties, fines, costs, liabilities or losses arising out of, or resulting from, any such violations of Applicable Law relative to the HVAC Unit."
Plaintiffs sued Boulevard Retail, Banana Republic, and others. They alleged that they had been harmed by the discharge of vapor plumes from the cooling towers. Banana Republic sought indemnification from Boulevard Retail. Boulevard Retail now appeals from Supreme Court's grant of summary judgment to Banana Republic.
The indemnification clause, negotiated after the parties learned of the discharge from the cooling towers, is "sufficiently clear and unambiguous" that Boulevard Retail would indemnify Banana Republic for all claims arising out of violations of Applicable Law relating to the HVAC unit (see Bradley v Earl B. Feiden, Inc., 8 NY3d 265, 274 [2007]). This clause is not limited to causes of action sounding in code violations (see Margolin v New York Life Ins. Co., 32 NY2d 149, 153-154 [1973]). Furthermore, both parties are sophisticated business entities. It is undisputed that the indemnitor, Boulevard Retail, carries applicable insurance. Therefore, the agreement does not raise any public policy concerns (see Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp., 107 AD2d 450, 451-452 [4th Dept 1985], affd 65 NY2d 1038 [1985] [where an indemnification agreement has been negotiated at arm's length between sophisticated business entities, which intend to allocate the risk between themselves through insurance, the agreement is valid so long as indemnification is clearly implied by the language and circumstances]; see also Bradley, 8 NY3d at 274-275).
Finally, General Obligations Law § 5-321 is inapplicable here. Section 5-321 generally renders void agreements exempting a lessor from damages for injuries to person or property [*2]arising from its own negligence (see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 419 [2006]). Banana Republic is a lessee, however, not a lessor (see General Obligations Law § 5-321 [declaring void and unenforceable agreements "exempting the lessor from liability for . . . the negligence of the lessor, his agents, servants or employees"]; Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 160-161 [1977] [describing the purpose behind Section 5-321]; cf. Balyszak v Siena Coll., 63 AD3d 1409, 1411 n [3d Dept 2009] [finding Section 5-321 inapplicable because agreement at issue was a license, not a lease of real property, and thus beyond the statutory terms], citing Brown v Town of Clarence, 181 AD2d 1055, 1056 [4th Dept 1992]; Bennett v Genesee Mar., 237 AD2d 908, 908 [4th Dept 1997] [same]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023