HAROLD PETERSEN, Plaintiff, *v.* RAND CONTRUCTION CO., INC., et al., Defendants. SAFWAY STEEL SCAFFOLDS SUPPLY CORP., Third-Party Plaintiff-Respondent, v. JAMES DI BENEDETTO et al., Doing Business as STATE MASON CONSTRUCTION Co., Third-Party Defendants-Appellants. (And Another Third-Party Action.) — In an action to recover damages for personal injury, in which, *inter alia*, the defendant Safway Steel Scaffolds Supply Corp. instituted a third-party action for recovery over against the plaintiff's employers (the defendants Di Benedetto), as third-party defendants; and in which, after a jury trial, a verdict was rendered in favor of the plaintiff and against said defendant Safway, the third-party defendants appeal from so much of the judgment of the Supreme Court, Kings County, entered December 23, 1963 upon the court's decision, as directed recovery over against them in favor of said third-party plaintiff on the basis of alleged contractual indemnity. Judgment, insofar as appealed from, reversed on the law and the facts, with costs, and third-party complaint of the Safway Steel Scaffolds Supply Corp. dismissed, with costs. Findings of fact contained in the court's decision which may be inconsistent herewith are reversed and new findings are made as indicated herein. The third-party plaintiff (Safway) leased the equipment for the construction of a scaffold to plaintiff's employers (Di Benedetto) who were masonry subcontractors. The scaffold was erected by the employers; and the plaintiff was injured as a result of a defective bracket, one of the component parts leased to the employers. In awarding a judgment to plaintiff against Safway, the jury found that Safway furnished a defective bracket and that it was negligent. By stipulation, the issue of contractual indemnity was submitted to the trial court, which held that the contractual provisions were sufficiently explicit and demonstrated a clear intent to indemnify the indemnitee (Safway) against its own negligence. The written agreement between Safway, the lessor corporation, and the plaintiff's employers (Di Benedetto), which contains the contractual indemnity provisions, is denominated as a lease agreement and is in the nature of a receipt or shipping ticket, itemizing the articles delivered to the employers. But it contains other items such as safety rules and regulations, a diagram showing approved bracing methods and "Terms and Conditions." In such Terms and Conditions it is stated, *inter alia*, that: "The LESSEE shall at all times and at his own expense keep the leased equipment in good, safe and efficient working order, repair and condition and shall not permit anyone to injure, deface or remove it or any part thereof. LESSEE agrees to erect, maintain and use said equipment in a safe and proper manner and in conformity with all laws and ordinances pertaining thereto and in accordance with CORPORATION safety rules and regulations. The CORPORATION shall have no responsibility, direction or control over the manner of erection, maintenance, use or operation of said equipment by the LESSEE. The LESSEE assumes all responsibility for claims asserted by any person whatever growing out of the erection and maintenance, use or possession of said equipment, and agrees to hold the CORPORATION harmless from all such claims. LESSEE agrees that use of the leased equipment shall be construed as an absolute acknowledgment by LESSEE that when delivered to LESSEE by CORPORATION the equipment was in good order and repair, was properly erected and was in all respects adequate, sufficient and proper for the purposes for which it was intended." In our opinion, the alleged indemnity provision, viewed in the light of the purposes of the agreement and the pertinent facts and circumstances, falls short of manifesting a clear and unequivocal intent to protect Safway against the consequences of its own negligence (cf. *Jordan*

v. *City of New York,* 3 A D 2d 507, 509, affd. 5 N Y 2d 723; *Salamy* v. *New York Cent. System,* 1 A D 2d 27, 29; *Marks* v. *New York City Tr. Auth.,* 11 A D 2d 993, affd. 13 N Y 2d 620; *Zullo* v. *Long Is. Light Co.,* 20 A D 2d 912). Beldock, P. J., Brennan and Rabin, JJ., concur; Christ and Hill, JJ., dissent and vote to affirm the judgment, insofar as appealed from with the following memorandum by Christ, J., in which Hill, J., concurs: We are familiar with the rule, noted by the majority, that in a "hold harmless" agreement the indemnitee is not protected unless the intention to do so is made clear in the agreement. Plaintiff's employers (the Di Benedettos), the third-party defendants, agreed not only to hold the indemnitee (Safway) harmless but to assume "all responsibility for claims asserted by any person whatever growing out of the erection and maintenance, use or possession of said equipment". The agreement further contained provisions denominated as "Safety Rules and Regulations" which, in pertinent part, set forth the following *caveats:* "19. Never use any Safway equipment that is damaged or deteriorated in any way. 20. If in doubt as to ability of Safway to do a particular job, consult the Home Office. Don't take chances." Most importantly, the agreement also contained the following: "LESSEE [appellants] agrees that use of the leased equipment shall be construed as an *absolute acknowledgment by* LESSEE that when delivered to LESSEE by CORPORATION [indemnitee] the equipment was in good order and repair, was properly erected and was in all respects adequate, sufficient and proper for the purposes for which it was intended." (Emphasis added.) This agreement spelled out with sufficient clarity the intention of the parties that the plaintiff's employers were to hold Safway harmless and that, in addition, they were to perform duties which, if properly executed, would have prevented any injury at all to this plaintiff. As a test of liability, the comparatively recent case (*Jordan* v. *City of New York,* 3 A D 2d 507, 509, affd. 5 N Y 2d 723) states that "the contract [must] express a clear and unequivocal intent to indemnify a party against his own negligence. This does not mean, in order to warrant a construction, that it was so intended, that the contract must contain express language referring to the negligence of the indemnitee". The plain wording and sense of the agreement here involved squarely meet that test. [41 Misc 2d 619.]