Vella v UBM Holdings, Inc. (2023 NY Slip Op 02707)

Vella v UBM Holdings, Inc.

2023 NY Slip Op 02707

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-07817
 (Index No. 718559/18)

[*1]Dolores Michelle Vella, appellant,
v
UBM Holdings, Inc., respondent, et al., defendant (and a third-party action).

Michael A. Cervini, Jackson Heights, NY, for appellant.
Kaufman Borgeest & Ryan LLP, New York, NY (Eldar Mayouhas and Lisa Ellen Fleischmann of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered September 21, 2021. The order granted that branch of the motion of the defendant UBM Holdings, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant UBM Holdings, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff is the owner and president of 212 Showroom NYC, Inc. (hereinafter 212 Showroom). On behalf of 212 Showroom, the plaintiff entered into an agreement with the defendant UBM Holdings Inc. (hereinafter the defendant), to exhibit merchandise at a booth at a trade show at the Jacob Javits Center. In that agreement, 212 Showroom, expressly assumed "all responsibility, liability and risk associated with, resulting from or arising in connection with [its] participation or presence at the show, including without limitation, all risks of . . . harm, loss, damage or injury to or of any person . . ., tortious activity of any kind . . . whether caused by negligence, intentional act, accident, act of god or otherwise." In the agreement, 212 Showroom, also agreed to "protect, indemnify, defend . . . and hold harmless" the defendant "from any and all claims, actions, damages, demands, liability, or expenses of any kind or nature" in connection with or arising out of, among other things, "any claims of property damage or personal injury including death, . . . except to the extent due to the sole negligence or willful misconduct of [the defendant] or its owners, directors, officers, employees, representatives and agents."
The day before the trade show started, the plaintiff tripped on an alleged hole in visqueen plastic placed over carpeting inside the Jacob Javits Center. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of that incident. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it owed no duty of care to the plaintiff as established by the agreement signed by 212 Showroom. The defendant alternatively argued that it was entitled to summary judgment dismissing the complaint insofar as asserted against it because it neither created the [*2]allegedly dangerous condition that caused the plaintiff to trip nor had actual or constructive notice of that condition. The Supreme Court granted that branch of the defendant's motion. The plaintiff appeals.
The defendant failed to establish that it owed no duty of care to the plaintiff. "Where the language of the exculpatory agreement expresses in unequivocal terms the intention of the parties to relieve a defendant of liability for the defendant's negligence, the agreement will be enforced" (Lago v Krollage, 78 NY2d 95, 99-100; see Boateng v Motorcycle Safety School, Inc., 51 AD3d 702, 703; Chieco v Paramarketing, Inc., 228 AD2d 462, 463). Here, the language of the subject agreement does not clearly and unequivocally express the intention of the parties to relieve the defendant of liability for personal injuries sustained by the plaintiff by reason of the defendant's negligence (see Abramowitz v New York Univ. Dental Ctr., 110 AD2d 343, 347; Petersen v Rand Constr. Co., 24 AD2d 454, 455; cf. Schwartz v Martin, 82 AD3d 1201, 1203).
In a premises liability case, a defendant moving for summary judgment has the burden of establishing, prima facie, that it did not create the allegedly dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Cabanas v Qiu Yu Zou, _____ AD3d _____, _____, 2023 NY Slip Op 01884, *1 [2d Dept]; Mowla v Baozhu Wu, 195 AD3d 706, 707). A defendant has constructive notice of a dangerous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599; see Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684). Mere reference to general cleaning and inspection practices is insufficient to establish a lack of constructive notice (see Ahmetaj v Mountainview Condominium, 171 AD3d at 684).
Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the allegedly dangerous condition that caused the plaintiff to trip. The affidavit of the defendant's director of operations submitted in support of the defendant's motion merely referred to the defendant's general practice of inspecting the premises, but provided no evidence regarding any specific inspection of the area prior to the plaintiff's incident (see id.).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
The plaintiff's remaining contentions are improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court