Verderosa v County of Suffolk (2024 NY Slip Op 01947)

Verderosa v County of Suffolk

2024 NY Slip Op 01947

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2017-09702
 (Index No. 19788/11)

[*1]Linda Verderosa, etc., appellant,
v
County of Suffolk, et al., respondents, et al., defendant.

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (James R. Scott of counsel), for respondent County of Suffolk.
Kevin P. Westerman, Garden City, NY (Michael J. Colleary of counsel), for respondent Architectural Entrance Systems, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated August 11, 2017. The order granted the separate motions of the defendants County of Suffolk and Architectural Entrance Systems, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant County of Suffolk for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendant County of Suffolk, and one bill of costs to the defendant Architectural Entrance Systems, Inc., payable by the plaintiff.
Salvatore Verderosa (hereinafter the decedent) allegedly was injured when his hand became trapped between a door and a brick wall as he was entering a courthouse owned and maintained by the defendant County of Suffolk. Approximately one year prior to the accident, the defendant Architectural Entrance Systems, Inc. (hereinafter AES), had installed an automatic operator and handicap access button for the door used by the decedent at the time of the accident.
The decedent, and the plaintiff suing derivatively, commenced this action, alleging, inter alia, negligence in the construction and maintenance of the door at issue and the door's handle. AES and the County separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. By order dated August 11, 2017, the Supreme Court granted both motions. The decedent and the plaintiff appealed. During the pendency of the appeal, the decedent died. By decision and order on motion of this Court dated February 17, 2023, the plaintiff, as administrator of the decedent's estate, was substituted for the decedent.
Contrary to the plaintiff's contention, the Supreme Court properly granted AES's motion for summary judgment dismissing the complaint insofar as asserted against it. "Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (Smith v City of New York, 210 AD3d 53, 70 [internal quotation marks omitted]). "However, the Court of Appeals has recognized three exceptions to the general rule: (1) where the contracted party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Coakley v Regal Cinemas, Inc., 188 AD3d 796, 797-798 [internal quotation marks omitted]; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). "As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those Espinal exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars" (Cortes v City of New York, 188 AD3d 643, 644 [emphasis and internal quotation marks omitted]; see Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780, 781-782). Here, AES demonstrated, prima facie, that it owed no duty to the decedent and that none of the Espinal exceptions applied (see Cortes v City of New York, 188 AD3d at 643; see generally Espinal v Melville Snow Contrs., 98 NY2d at 142). In opposition to AES's prima facie showing, the plaintiff failed to raise a triable issue of fact.
However, the Supreme Court erred in granting the County's motion for summary judgment dismissing the complaint insofar as asserted against it. "In a premises liability case, a defendant [landowner] moving for summary judgment has the burden of establishing, prima facie, that it did not create the allegedly dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it" (Vella v UBM Holdings, Inc., 216 AD3d 1051, 1053; see Mowla v Baozhu Wu, 195 AD3d 706, 707). "A defendant has constructive notice of a dangerous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Vella v UBM Holdings, Inc., 216 AD3d at 1053; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). "To meet its initial burden on the issue of lack of constructive notice, the moving party is required to offer some evidence as to when the accident site was last inspected or maintained prior to the plaintiff's accident" (Kelly v Roy C. Ketcham High Sch., 179 AD3d 653, 654; see Vella v UBM Holdings, Inc., 216 AD3d at 1053).
In support of its motion, the County submitted, among other things, the deposition testimony of the decedent and of a maintenance worker. The decedent testified that the subject door opened at a dangerously high speed and that the door handle had a jagged surface. The maintenance worker testified that he might go to the courthouse weekly or biweekly, but also testified that he had no set schedule, kept no log, and would go to the courthouse on an as-needed basis. Further, the maintenance worker testified that there had been complaints about the door speed, that he could not recall if those complaints were made prior to the accident, and that he observed a scratch on the door handle shortly after the accident. Under these circumstances, the County failed to demonstrate, prima facie, that it lacked constructive notice of a defective or a dangerous condition with respect to the door prior to the accident. Accordingly, the Supreme Court should have denied the County's motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court