Jones v 234-236 Elmendorf St., LLC (2025 NY Slip Op 01083)

Jones v 234-236 Elmendorf St., LLC

2025 NY Slip Op 01083

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-00219
 (Index No. 52787/17)

[*1]Lavelle Jones, appellant, 
v
234-236 Elmendorf Street, LLC, et al., defendants third-party plaintiffs- respondents, et al., defendant; New Horizons Resources, Inc., third-party defendant-respondent.

Finkelstein & Partners, LLP, Newburgh, NY (George A. Kohl II of counsel), for appellant.
Law Office of David S. Klausner, PLLC, White Plains, NY (Stephen H. Slater of counsel), for defendants third-party plaintiffs-respondents.
Schwab & Gasparini, White Plains, NY (Louis U. Gasparini of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated December 18, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant third-party plaintiff 234-236 Elmendorf Street, LLC.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant third-party plaintiff 234-236 Elmendorf Street, LLC, is denied.
The plaintiff commenced this action against, among others, the defendants third-party plaintiffs, 234-236 Elmendorf Street, LLC, and Andrew Kaplan (hereinafter together the defendants), to recover damages for personal injuries she alleged she sustained when she fell as she was descending a wooden basement staircase located at premises owned by 234-236 Elmendorf Street, LLC. According to the plaintiff, a nail, protruding approximately one inch from one of the steps, "grabbed" her shoelace and the step gave way, causing her to fall. The defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiff opposed. In an order dated December 18, 2020, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against 234-236 Elmendorf Street, LLC. The plaintiff appeals.
"A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Bennett v Alleyne, 163 AD3d 754, 754-755). [*2]"In a premises liability case, a defendant real property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (Wittman v Nespola, 190 AD3d 1012, 1013 [alteration and internal quotation marks omitted]). "A defendant has constructive notice of a dangerous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Vella v UBM Holdings, Inc., 216 AD3d 1051, 1053). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Fortune v Western Beef, Inc., 178 AD3d 671, 672 [internal quotation marks omitted]; see Rogers v Bloomingdale's, Inc., 117 AD3d 933, 934). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Fortune v Western Beef, Inc., 178 AD3d at 672 [internal quotation marks omitted]; see Croshier v New Horizons Resources, Inc., 185 AD3d 780, 781).
Contrary to the Supreme Court's determination, the defendants failed to establish, prima facie, that 234-236 Elmendorf Street, LLC, lacked constructive notice of the protruding nail condition alleged by the plaintiff (see Garcia-Monsalve v Wellington Leasing, L.P., 123 AD3d 1085, 1086). Although the defendants submitted a transcript of the plaintiff's deposition testimony wherein she averred that she did not notice the protruding nail when she last used the staircase approximately one week prior to her accident, the defendants did not establish that the condition did not exist for a sufficient length of time prior to the alleged accident in order for it to be remedied (see Beharovic v 18 E. 41st St. Partners, Inc., 123 AD3d 953, 955; Sahni v Kitridge Realty Co., Inc., 114 AD3d 837, 838). Moreover, the defendants failed to submit sufficient evidence as to when 234-236 Elmendorf Street, LLC, had last cleaned or inspected the staircase at issue (see Garcia-Monsalve v Wellington Leasing, L.P., 123 AD3d at 1086; Mercedes v City of New York, 107 AD3d 767, 769).
Since the defendants did not sustain their prima facie burden of establishing the entitlement of 234-236 Elmendorf Street, LLC, to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against 234-236 Elmendorf Street, LLC.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court