| |
|---|
| **Morel v New York City Tr. Auth.** |
| 2025 NY Slip Op 32176(U) |
| June 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 451898/2018 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. RICHARD TSAI**                                PART                    21
                                                    *Justice*

-------------------------------------------------------------------------------X

FRANCISCO MOREL,                                        INDEX NO.              451898/2018

                            Plaintiff,                  MOTION DATE            10/21/2024

                    - v -                               MOTION SEQ. NO.            002

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY, and
MTA NEW YORK CITY TRANSIT,                              **DECISION + ORDER ON
                                                         MOTION**

                            Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 23-38, 40, 42-50

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, it is **ORDERED** that defendants' motion for summary judgment is **GRANTED IN PART TO THE EXTENT THAT** the complaint is severed and dismissed as against defendants Metropolitan Transportation Authority and MTA New York City Transit, with costs and disbursements to defendant Metropolitan Transportation Authority as taxed by the Clerk upon submission on an appropriate bill of costs, and the motion is otherwise denied; and it is further

**ORDERED** that the remainder of the action shall continue.

At his deposition, plaintiff testified that, on the morning of February 19, 2016, at approximately 9:30 a.m., he slipped and fell when descending the staircase of the 155th Street subway station (*see* Exhibit F in support of defendants' motion, plaintiff's EBT at 31, lines 7-10, 23-24; at 38, line 11 through 41, line 9; *see also* Exhibit D in support of defendants' motion, verified bill of particulars ¶ 2 [NYSCEF Doc. No. 28]; *see also* Exhibit E in support of defendants' motion, statutory hearing tr at 24, lines 18-21 [NYSCEF Doc. No. 29]).

According to plaintiff, it was snowing when plaintiff left the house (plaintiff's EBT at 37, lines 17-19). Plaintiff testified that, after he fell, he saw "the salt between my hands and between my feet" (*id.* at 40, lines 2-3). Plaintiff claimed that he did not see any salt, snow melt, or other white material on the ground at the top of the stairway before he started to go down (*id.* at 39). When asked why he slipped and fell, plaintiff responded "because it was wet" (*id.* at 43, line 9-17).

Defendants now move for summary judgment dismissing the complaint, on the ground that a storm was in progress. Defendants further argue that they are entitled to summary judgment because they "acted as a reasonable landowner" in that "snow

[* 1]

removal procedures were employed" in the hours before plaintiff's accident, with such procedures including placing rock salt on the subject staircase (defendants' memorandum of law in support of motion [NYSCEF Doc. No. 35] at 6 of 11). Additionally, defendants argue that the rock salt used on the subway staircase was open and obvious, did not create a dangerous condition, and was not inherently dangerous (*id.*). Finally, defendants assert that defendant Metropolitan Transportation Authority did not own, operate control, or maintain the subway station and that defendant MTA New York City Transit does not exist. With the exception of this argument for dismissing the action as against defendants Metropolitan Transportation Authority and MTA New York City Transit, plaintiff opposes the motion.

Preliminarily, as there is no dispute that defendants Metropolitan Transportation Authority and MTA New York City Transit have no liability for the happening of the accident (affirmation in opposition to motion [NYSCEF Doc. No. 43] ¶ 10), the branch of the motion seeking dismissal of the complaint as against these defendants is granted (*see Delacruz v Metropolitan Transp. Auth.*, 45 AD3d 482, 483 [1st Dept 2007] ["It is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility"]; *see also Archer v New York City Tr. Auth.*, 187 AD3d 564 [1st Dept 2020]).

In support of the remainder of their motion, defendants submit a certified climatological report from the weather stations at LaGuardia Airport and from Central Park (*see* Exhibit H in support of defendants' motion [NYSCEF Doc. No. 32]). According to the climatological report from LaGuardia Airport, there was no precipitation at all on the morning of February 19, 2016, which states, in relevant part:

| Date | Time (LST) | Station Type | Sky Conditions | Visibility | Weather Type (see documentation) AU \| AW \| MW | Dry Bulb Temp (F) | Dry Bulb Temp (C) | Wet Bulb Temp (F) | Wet Bulb Temp (C) | Dew Point Temp (F) | Dew Point Temp (C) | Rel Hum % | Wind Speed (MPH) | Wind Dir (Deg) | Wind Gusts (MPH) | Station Press (inHg) | Press Tend | Net 3-Hr Change (inHg) | Sea Level Press (inHg) | Report Type | Precip Total (in) | Altimeter Setting (inHg) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | 0051 | 7 | CLR:00 | 10.00 | | 27 | -2.8 | 22 | -5.6 | 7 | -13.9 | 43 | 11 | 010 | 16 | 30.51 | 5 | +0.01 | 30.53 | FM-15 | 0.00 | 30.54 |
| 19 | 0100 | 4 | | 9.94 | | 27 | -2.8 | 22 | -5.6 | 7 | -13.9 | 43 | 11 | 010 | | 30.50 | 5 | +0.01 | 30.53 | FM-12 | | |
| 19 | 0151 | 7 | CLR:00 | 10.00 | | 27 | -2.8 | 22 | -5.6 | 8 | -13.3 | 45 | 7 | 010 | | 30.52 | | | 30.54 | FM-15 | 0.00 | 30.55 |
| 19 | 0251 | 7 | CLR:00 | 10.00 | | 27 | -2.8 | 22 | -5.6 | 8 | -13.3 | 45 | 10 | 010 | | 30.50 | | | 30.53 | FM-15 | 0.00 | 30.53 |
| 19 | 0351 | 7 | CLR:00 | 10.00 | | 26 | -3.3 | 21 | -6.1 | 8 | -13.3 | 46 | 9 | 360 | | 30.52 | 3 | -0.01 | 30.54 | FM-15 | 0.00 | 30.55 |
| 19 | 0400 | 4 | | 9.94 | | 26 | -3.3 | 21 | -6.1 | 8 | -13.3 | 46 | 9 | 360 | | 30.51 | 3 | -0.01 | 30.54 | FM-12 | | |
| 19 | 0451 | 7 | CLR:00 | 10.00 | | 26 | -3.3 | 21 | -6.1 | 8 | -13.3 | 46 | 8 | 020 | | 30.53 | | | 30.56 | FM-15 | 0.00 | 30.56 |
| 19 | 0551 | 7 | CLR:00 | 10.00 | | 25 | -3.9 | 20 | -6.7 | 7 | -13.9 | 46 | 7 | 010 | | 30.55 | | | 30.57 | FM-15 | 0.00 | 30.58 |
| 19 | 0651 | 7 | SCT:04 250 | 10.00 | | 25 | -3.9 | 20 | -6.7 | 8 | -13.3 | 48 | 5 | 010 | | 30.56 | 1 | -0.04 | 30.58 | FM-15 | 0.00 | 30.59 |
| 19 | 0700 | 4 | | 9.94 | | 25 | -3.9 | 20 | -6.7 | 8 | -13.3 | 48 | 5 | 010 | | 30.55 | 1 | -0.04 | 30.58 | FM-12 | | |
| 19 | 0751 | 7 | BKN:07 250 | 10.00 | | 27 | -2.8 | 21 | -6.1 | 6 | -14.4 | 41 | 7 | 020 | | 30.57 | | | 30.59 | FM-15 | 0.00 | 30.60 |
| 19 | 0851 | 7 | BKN:07 250 | 10.00 | | 27 | -2.8 | 22 | -5.6 | 7 | -13.9 | 43 | 3 | 050 | | 30.58 | | | 30.61 | FM-15 | 0.00 | 30.61 |
| 19 | 0951 | 7 | BKN:07 250 | 10.00 | | 29 | -1.7 | 23 | -5.0 | 8 | -13.3 | 41 | 3 | 040 | | 30.57 | | | 30.60 | FM-15 | 0.00 | 30.60 |
| 19 | 1000 | 4 | | 9.94 | | 29 | -1.7 | 23 | -5.0 | 8 | -13.3 | 41 | 3 | 040 | | 30.56 | 9 | +0.01 | 30.60 | FM-12 | | |
| 19 | 1051 | 7 | BKN:07 250 | 10.00 | | 30 | -1.1 | 25 | -3.9 | 12 | -11.1 | 47 | 6 | 050 | | 30.55 | | | 30.57 | FM-15 | 0.00 | 30.58 |

(*see id.*). The precipitation total on February 19, 2016 from 1 a.m. until 10:51 a.m. was "0.00" inches (*id.*). Neither was there any precipitation record for the day before, February 18, 2016.

Meanwhile, the climatological report from Central Park also shows, in relevant part, that there was no precipitation at all on the morning of February 19, 2016:

451898/2018   MOREL, FRANCISCO vs. NEW YORK CITY TRANSIT                 Page 2 of 4
Motion No.  002

2 of 4

| | U.S. Department of Commerce National Oceanic & Atmospheric Administration National Environmental Satellite, Data, and Information Service Current Location: Elev: 140 ft. Lat: 40.7790° N Lon: 73.9693° W Station: NY CITY CENTRAL PARK, NY US WBAN:94728 (ICAO:KNYC) | | | | Local Climatological Data Hourly Observations February 2016 Generated on 05/10/2024 | | | | | | | | | | | National Centers for Environmental Information 151 Patton Avenue Asheville, North Carolina 28801 | | | | | |

| Date | Time (LST) | Station Type | Sky Conditions | Visibility | Weather Type (see documentation) AU \| AW \| MW | Dry Bulb Temp (F) | Dry Bulb Temp (C) | Wet Bulb Temp (F) | Wet Bulb Temp (C) | Dew Point Temp (F) | Dew Point Temp (C) | Rel Hum % | Wind Speed (MPH) | Wind Dir (Deg) | Wind Gusts (MPH) | Station Press (inHg) | Press. Tend | Net 3-Hr Change (inHg) | Sea Level Press (inHg) | Report Type | Precip Total (in) | Altimeter Setting (inHg) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | 0151 | 6 | CLR:00 | 10.00 | | 26 | -3.3 | 21 | -6.1 | 5 | -15.0 | 40 | | | | 30.39 | | | 30.54 | FM-15 | 0.00 | 30.56 |
| 19 | 0251 | 7 | CLR:00 | 10.00 | | 25 | -3.9 | 20 | -6.7 | 5 | -15.0 | 42 | 6 | 050 | | 30.37 | | | 30.52 | FM-15 | 0.00 | 30.54 |
| 19 | 0351 | 7 | CLR:00 | 10.00 | | 25 | -3.9 | 20 | -6.7 | 7 | -13.9 | 46 | 3 | 360 | | 30.39 | 2 | -0.01 | 30.54 | FM-15 | 0.00 | 30.56 |
| 19 | 0451 | 7 | CLR:00 | 10.00 | | 24 | -4.4 | 19 | -7.2 | 6 | -14.4 | 46 | 5 | VRB | | 30.41 | | | 30.55 | FM-15 | 0.00 | 30.58 |
| 19 | 0551 | 7 | CLR:00 | 10.00 | | 25 | -3.9 | 20 | -6.7 | 6 | -14.4 | 44 | 6 | 020 | | 30.42 | | | 30.57 | FM-15 | 0.00 | 30.59 |
| 19 | 0651 | 7 | CLR:00 | 10.00 | | 25 | -3.9 | 20 | -6.7 | 7 | -13.9 | 46 | 6 | 030 | | 30.42 | 1 | -0.04 | 30.57 | FM-15 | 0.00 | 30.59 |
| 19 | 0751 | 7 | CLR:00 | 10.00 | | 27 | -2.8 | 21 | -6.1 | 3 | -16.1 | 35 | 5 | VRB | | 30.44 | | | 30.58 | FM-15 | 0.00 | 30.61 |
| 19 | 0851 | 7 | CLR:00 | 10.00 | | 29 | -1.7 | 22 | -5.6 | 4 | -15.6 | 34 | 3 | VRB | | 30.45 | | | 30.60 | FM-15 | 0.00 | 30.62 |
| 19 | 0951 | 7 | CLR:00 | 10.00 | | 31 | -0.6 | 24 | -4.4 | 6 | -14.4 | 35 | 6 | VRB | | 30.43 | 0 | -0.01 | 30.58 | FM-15 | 0.00 | 30.60 |
| 19 | 1051 | 7 | CLR:00 | 10.00 | | 32 | 0.0 | 25 | -3.9 | 8 | -13.3 | 36 | 0 | 000 | | 30.42 | | | 30.56 | FM-15 | 0.00 | 30.59 |

(*see id.*). The precipitation total on February 19, 2016 from 1 a.m. until 10:51 a.m. was "0.00" inches (*id.*). Neither was there any precipitation record for the day before, February 18, 2016.

Because plaintiff testified that it was snowing at the time of the incident, whereas certified climatological reports showed that it was neither snowing nor had snowed on the day of the incident and the day before, defendants' own submissions raise an issue of fact as to whether the storm-in-progress doctrine applies (*Velasquez v New York City Tr. Auth.*, 237 AD3d 557, 558 [1st Dept 2025]; *see also Abramo v City of Mount Vernon*, 103 AD3d 760, 761 [2d Dept 2013]; *Howard v J.A.J. Realty Enters.*, 283 AD2d 854, 855-856 [3d Dept 2001]; *see also Mosley v General Chauncey M. Hooper Towers Hous. Dev. Fund Co., Inc.*, 48 AD3d 379, 380 [1st Dept 2008]). Given these conflicts, so much of defendants' motion for summary judgment that is based on the storm in progress doctrine must be denied, regardless of the sufficiency of plaintiff's opposition papers (*Velasquez*, 237 AD3d at 558).

In arguing that defendant New York City Transit Authority (NYCTA) "acted as a reasonable landowner," defendants rely heavily on the deposition of NYCTA employee Rudi Livingstone, who testified about the NYCTA's general snow and ice remediation procedures (defendants' exhibit G in support of motion [NYSCEF Doc. No. 31]). However, Livingstone was unable to testify as to when the subject staircase "was last inspected or cleaned before plaintiff fell" (*Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 421 [1st Dept 2011]). In fact, Livingstone could not recall whether he was assigned to work at the subject station in February 2016 (Livingstone deposition at 13, lines 6-16). Thus, the NYCTA unable to establish as a matter of law that it lacked notice of the allegedly slippery condition (*Vella v UBM Holdings, Inc.*, 216 AD3d 1051, 1053 [2d Dept 2023] ["Mere reference to general cleaning and inspection practices is insufficient to establish a lack of constructive notice"]).

Defendants further argue that that the rock salt used on the subway staircase was open and obvious, did not create a dangerous condition, and was not inherently dangerous. Defendants rely heavily on *Rivers v Villford Realty Corp.*, where the plaintiff "slipped on calcium chloride, a substance used to treat and prevent ice conditions, while exiting her apartment building" (106 AD3d 492, 492 [1st Dept 2013]). In that case, the Appellate Division, First Department, affirmed the lower court's grant of summary

451898/2018  MOREL, FRANCISCO vs. NEW YORK CITY TRANSIT
Motion No.  002
Page 3 of 4

3 of 4

[* 3]

judgment dismissing the complaint, because "[t]he record shows that the presence of the calcium chloride was open and obvious and not inherently dangerous" (*id.*).

At plaintiff's statutory hearing, he testified that he "slipped over the salt" (defendants' exhibit E [NYSCEF Doc. No. 29] at 30, line 25 through 31, line 4), whereas at plaintiff's deposition, he testified that he slipped "because it was wet" (plaintiff's deposition at 43, line 9-17), and that he saw the salt after he fell (*id.* at 46, lines 10-17). Thus, plaintiff's own differing accounts raise issues of fact as to whether the salt used on staircase caused him to slip and fall, as opposed to an allegedly dangerous condition that was created by the application of salt, which warrants denial of summary judgment.

Defendants do not argue that plaintiff's deposition testimony could not be considered because it was impermissibly tailored to avoid the consequences of plaintiff's earlier statutory hearing testimony so as to avoid summary judgment (*see Carter v New York City Hous. Auth.*, 101 AD3d 510, 511 [1st Dept 2012]). In any event, even if the court were to disregard plaintiff's deposition testimony as impermissibly tailored, summary judgment on the ground that the salt on the staircase, was not, as a matter of law, inherently dangerous is denied.

First, defendants contend that the "salt" upon which plaintiff allegedly slipped was rock salt (*see* defendants' memo of law at 6 ["The rock salt used on the subway staircase . . . was not inherently dangerous"]). Although *Rivers* held that the presence of calcium chloride is not inherently dangerous, there appears to be no appellate cases which hold that rock salt (i.e., sodium chloride) spread on a staircase as part of snow removal efforts cannot, as a matter of law, be inherently dangerous. In *Rivers*, the defendants' safety expert opined that calcium chloride "would have been soft and pliable not have been slippery at the time of the accident" (106 AD3d at 493). Unlike *Rivers*, defendants submitted no expert testimony that the characteristics of the rock salt used here were identical to those of calcium chloride, i.e., that the salt was soft, pliable, and not slippery.

20250618160128RTSAI61316B68603046858935E9C0C2C74059

| 6/18/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **RICHARD TSAI, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

451898/2018  MOREL, FRANCISCO vs. NEW YORK CITY TRANSIT
Motion No. 002

Page 4 of 4

4 of 4

[* 4]